UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV-F-09-1689 AWI BAK |
| Plaintiff, | ) ) | ORDER RE: MOTION FOR STAY |
| v. | ) ) | |
| VINCENT STEVEN BOOTH, LOUISE Q. BOOTH, | ) ) ) | |
| Defendants. | ) ) | |

# I. History[1]

Defendants Vincent Steven and Louise Q. Booth are a married couple who file joint tax returns. In 1999, Plaintiff United States made tax assessments against the Booths for deficiencies in the tax years 1995-1997. They have not paid the assessments. On April 9, 2009, a grand jury in Sacramento indicted the Booths on various criminal charges related to tax evasion. The charges generally involve allegations that the Booths have worked in concert with others to avoid paying taxes. On September 24, 2009, the United States filed this present suit to reduce the tax assessments to a judgment of $4,055,264.44. The United States now makes this motion to stay the civil case for six months pending the resolution of the criminal case. The Booths have filed

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

no opposition.  The matter was taken under submission without oral argument.

## II. Legal Standards

While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution....A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated. Other factors a court should consider will vary according to the case itself, but generally will include: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902-3 (9th Cir. 1989).  In Molinaro, the private party sought a stay in the civil suit brought by a governmental agency for fear that the discovery process would force defendant to choose between his Fifth Amendment rights and his civil defense.  Courts within the Ninth Circuit have applied the Molinaro factors when considering a government's request for a stay. See Belford Strategic Inv. Fund, LLC v. United States, 2005 U.S. Dist. LEXIS 45219, *3-4 (N.D. Cal., Nov. 7, 2005) ("[Molinaro] holdings have little direct application in the present context, but the factors enumerated by the court are instructive"); De Felice v. Chugach Maint. Servs., 2007 U.S. Dist. LEXIS 84696, *2-3 (E.D. Cal., Oct. 29, 2007); Douglas v. United States, 2006 U.S. Dist. LEXIS 52754, *9-11 (N.D. Cal., July 17, 2006); Bureerong v. Uvawas, 167 F.R.D. 83, 87 (C.D. Cal. 1996).

## III. Discussion

On April 9, 2009, before the filing of the civil suit, the Booths and third party Michael Ioane were indicted on various counts, including aiding and abetting tax evasion under 26 U.S.C. §§ 2 and 1701; conspiracy under 18 U.S.C. § 371; and aiding and abetting the presentation of a fictitious instrument purporting to be an actual security of the United States under 18 U.S.C. §§ 2 and 514(a)(2). See United States v. Booth et al, Crim. Case No. 09-0142 LJO.  Subsequently, on September 24, 2009, the United States initiated this suit to reduce federal tax assessments into

judgments against the Booths. The criminal case involves the means by which the Booths allegedly avoided their taxes; it appears that the subject matters of the two suits substantially overlap. The United States explains that the civil suit had to be filed at this time due to the statute of limitations and now asks that the case be stayed pending the resolution of the related criminal case against the Booths. Doc. 10, Part 2, Brief, at 2:15-17.

In general, the United States alleges that a group of individuals (including the Booths) have cooperated in trying to illegally evade federal taxes. The actions of these individuals, together with the United States's actions in trying to gather evidence against them, have given rise to a number of civil cases involving diverse claims. See Acacia et al v. United States et al, Civ. Case No. 07-1129 AWI GSA (quiet title); Halliday et al v. Spjute et al, Civ. Case No. 07-0620 AWI GSA (Bivens); Booth et al v. Spjute et al, Civ. Case No. 07-0609 AWI GSA (Bivens). Stays pending resolution of the criminal case against the Booths and Michael Ioane have been granted in all three of these cases. "Attorneys for the United States in this civil matter believe that trial is scheduled to commence in the criminal matter in upcoming months." Doc. 10, Part 2, Brief, at 3:2-3.

**A. Plaintiffs' Interests**[2]

The United States is the plaintiff in this case and plainly waives any prejudice caused by delay. The United States also claims it would be prejudiced as it could not use the fruits of the criminal case against the Booths in this civil case: "The Government should not be forced to make a 'Hobson's Choice' where it must decide either to protect the criminal prosecution by not making important evidence available to attorneys in the civil case, or to protect the civil case by prematurely exposing the evidence to be used in the criminal case." Doc. 10, Part 2, Brief, at 1:25-28. The United States is presuming it is absolutely entitled to use the contents of the criminal files in pursuing this civil case. That appears to be a faulty assumption. As the

---

[2]The court considers Plaintiff United States's interests to consist solely of their position in this civil case. The administration of the criminal justice system is addressed as a component of the public's interest.

3

Northern District has stated, "If the prosecutors and government civil defendant are somehow barred from collaborating, then the defendant here will simply have to conduct its own discovery, like every other civil defendant must do. In other words, the government defendant does not have a special right to the prosecutor's discovery or to the information used by a grand jury. Any additional discovery obtained through a parallel criminal proceeding is a windfall, not an entitlement." Belford Strategic Inv. Fund, LLC v. United States, 2005 U.S. Dist. LEXIS 45219, *7 (N.D. Cal. Nov. 7, 2005).

### B. Defendants' Interests

The Booths have not responded and so have not stated how their interests might be adversely affected by a stay. It is evident that they may be forced to assert their Fifth Amendment rights against self incrimination in response to the United States's discovery requests. This matches the procedural posture of the Molinaro case. "Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated." Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902-3 (9th Cir. 1989).

### C. Court Efficiency

In general, "It is likely that the record developed in the criminal case will shed light on the claims herein, refocus the parties on what factually remains in dispute and narrow the issues for adjudication." Doc. 10, Part 2, Brief, at 7:25-26. There should be some conservation of resources if the criminal matter could resolve factual issues relevant to this case.

### D. Third Party Interests

The United States asserts that "Should the civil discovery continue, the United States would likely seek to take [Michael Ioane's] depositions as well as the depositions of others who may be targets of the criminal investigation. The continuation of civil discovery may force individuals to either testify or invoke the Fifth Amendment." Doc. 10, Part 2, Brief, at 7:18-21.

Here, there is particular concern regarding third party unindicted individuals who may be under investigation. Again, Fifth Amendment concerns are given significant weight.

**E. Public Interests**

The United States asserts an interest in preserving the integrity of the criminal prosecution. "A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962), citing United States v. Bridges, 86 F. Supp. 931, 932 (N.D. Cal. 1949). "A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified. In a civil case, by contrast, a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence. The Government contends Degen might use the rules of civil discovery in the forfeiture suit to gain an improper advantage in the criminal matter, prying into the prosecution's case in a manner not otherwise permitted. These problems are not uncommon when criminal and civil forfeiture suits are pending at the same time....the risk of compromising the criminal case could be avoided by staying the civil suit until the prosecution is over." Degen v. United States, 517 U.S. 820, 825-26 (1996), citations omitted, superceded on other grounds at 28 U.S.C. §2466(a).

The United States cites the problems of "Permitting witnesses with personal knowledge of the relationship between the Booths and their various trusts and corporations to learn the substance of matters that occurred before the grand jury" and more generally, "Enabling criminal defendants to obtain earlier and greater access to information, than they would otherwise be entitled." Doc. 10, Part 2, Brief, at 3:6-10.

**F. Conclusion**

No factor weighs against the grant of a stay.  The United States has articulated how denial of a stay could impede the progress of the criminal case.

### IV. Order

Plaintiff United States' motion for stay is GRANTED. This case is stayed until the resolution of the criminal case. Plaintiff United States is directed to file a written status report every six months to apprise the court of the proceedings in the criminal case.

IT IS SO ORDERED.

Dated:    **January 19, 2010**              /s/ **Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE