V. Steven Booth
Louise Q. Booth
5717 Roundup Way
Bakersfield, CA 93306




FILED

APR 07 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES,<br>          Plaintiff,<br><br>v.<br><br>V. STEVEN BOOTH,<br>LOUISE Q. BOOTH,<br><br>          Defendants. | **Case No. 1:09-CV-01689-AWI-JLT**<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS.<br><br>Date: April 12, 2010<br>Time: 1:30 pm.<br>Courtroom 2, 2500 Tulare St., Fresno, CA |
|---|---|

COMES NOW defendants and in support of their dismissal motion hereby replies as follows:

### **OPPOSITION TO DEFENDANT'S MOTION UNTIMELY**

On February 23, 2010 defendants V. Steven Booth and Louise Q. Booth filed their motion to dismiss with this court [document 18].

On February 23, 2010 defendant V. Steven Booth served said motion [document 18] upon U.S. Department of Justice trial attorney Guy Patrick Jennings by depositing a true and correct copy of same addressed to Mr. Jennings in the United States mail by first class postage pre-paid.

It has currently come to defendants' attention that plaintiff has filed it's opposition with the court on March 31, 2010 (document 19).

"[O]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served <u>not</u> less than fourteen (14) days preceding the noticed (or continued) hearing date." L.R. 230(c) (emphasis added)

Plaintiff failed to seek a continuance and it's opposition was due to be filed with this court and served by no later than March 29, 2010.

Plaintiff failed to timely file and serve it's opposition with the court and defendants.

Plaintiff's opposition to defendants' motion is untimely.

Defendants object to plaintiff's untimely opposition to their dismissal motion, and further move the court to either strike it, or refuse to consider it.

In further reply and in support of defendants' dismissal motion:

**LAW MANDATES UPDATED REGULATIONS AND FULL DISCLOSURE**

It doesn't matter whether *United States v. Living Word Christian Center*, 2009 WL 250049 (D. Minn. 2009) involves church tax inquiries, the point here in this case is a concern "…about the need for an update to the regulations in light of statutorily mandated reorganization and elimination of internal revenue regions." [document 18, Exhibit 3, Fed. Reg., Vol. 74, No. 149 at page 39005.

Title 26 U.S.C. 6203 mandates that "[T]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary <u>in accordance</u> with rules or <u>regulations prescribed by the Secretary</u>. Upon request of

the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment. (emphasis added)

Generally and in this case, the Secretary has chosen to promulgate a regulation prescribing the "Method of Assessment" found in section 301.6203-1 of Title 26 Code of Federal Regulations mandated by 26 U.S.C. 6203. In this case the plaintiff concedes that the regulation prescribing the "Method of Assessment" has not been updated.

Also, defendants' current motion demands that plaintiff make full disclosure by supplying a copy of the record of assessment pertaining to defendants mandated by 26 U.S.C. 6203 and have failed to do so.

Instead plaintiff insists it can hide behind it's manufactured certificate of assessments and payments while claiming it complied with 26 U.S.C. 6203 without making full disclosure mandated by the same law, and demanded by defendants' current motion.

Further plaintiff, both in it's complaint and it's (untimely) opposition, fails to plead that it has complied with the "Method of Assessment" required by regulation (26 C.F.R. 301.6201-1) that is mandated by law (26 U.S.C. 6203).

Taking the above law and facts above into consideration, using plaintiff's vernacular, it is plaintiff's reasoning that is ludicrous (or circular), and defendants again object. In reality plaintiff's conduct does support the fraud upon the court claim where plaintiff is attempting to purposely circumvent that the law mandating compliance with a regulatory method of assessment process.

## DEFENDANTS' OBJECTION TO UNTIMELY COUNTER MOTION TO STRIKE

First, defendants object to plaintiff's counter motion to strike as untimely pursuant to L.R. 230(c).

Second, it appears that plaintiff believes it can close the door so to speak on defendants' reliance upon plaintiff's concern for updated regulations mandated by law by erroneously citing a bankruptcy case involving an automatic stay. This is completely unrelated to the law and regulations involving the method of assessment and the requirement to make full disclosure in this case.

Defendants take objection to plaintiff's ludicrous (or circular) reasoning based on the same authorities and arguments stated above.

## DEFENDANTS' OTHER ARGUMENTS AND OBJECTIONS

Defendants generally object to each and every argument or claim untimely made by plaintiff not specifically stated in this reply.

Since February 23, 2010, plaintiff was well informed of defendants' evidenced position, and had over thirty (30) days to either submit a proper opposition that didn't violate the law or submit a statement that defendants' motion was non-opposed.

Irregardless of the law and facts stated above, plaintiff has decided to abandon it's claims by releasing the tax liens evidenced by the attached notices of release of federal tax liens pertaining to years 1995, 1996 and 1997 that were in fact received by defendants **after** the filing of their dismissal motion !

## DEFENDANTS' COUNTER MOTION TO STRIKE

## PLAINTIFF'S OPPOSITION

Fed. R. Civil P. 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Defendants move the court to strike plaintiff's opposition as both untimely, and immaterial, impertinent, or scandalous to the law, facts, and evidence submitted with this reply.

## CONCLUSION

This Court is without subject matter jurisdiction to reduce federal tax assessments to judgment that does not comply with law or live in plaintiff's abandoned claims evidenced by it's release of federal tax liens.

Accordingly defendants are entitled and this court is obligated to grant defendants the relief sought by their motion, and dismiss this action with prejudice.

Respectfully submitted this  7th  day of April, 2010.

By: _/s/ V. Steven Booth_
V. Steven Booth

By: _/s/ Louise Booth_
Louise Q. Booth

| Form 668 (Z) (Rev. 10-2000) | 1872 | Department of the Treasury - Internal Revenue Service **Certificate of Release of Federal Tax Lien** |
|---|---|---|

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #7  Lien Unit Phone: (800) 913-6050 | Serial Number 583102609 | For Use by Recording Office |
|---|---|---|

002476

I certify that the following-named taxpayer, under the requirements of section 6325 of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on _____ **January 19** _____ , ___ **2010** ___ . is authorized to note the books to show the release of this lien for these taxes and additions.

Name of Taxpayer    V STEVEN & LOUISE Q BOOTH

Residence    5717 ROUNDUP WAY
             BAKERSFIELD, CA 93306-9765

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| n/a | n/a | n/a | 210007103 |

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1995 | XXX-XX-7668 | 10/18/1999 | 11/17/2009 | 575307.50 |
| 1040 | 12/31/1996 | XXX-XX-7668 | 11/15/1999 | 12/15/2009 | 575251.35 |
| 1040 | 12/31/1997 | XXX-XX-7668 | 11/15/1999 | 12/15/2009 | 840555.80 |
| ********************* | ********************* | ********************* | ********************* | ********************* | ************ |

**Place of Filing**
COUNTY RECORDER
KERN COUNTY
BAKERSFIELD, CA 93301

**Total**    1991114.65

This notice was prepared and signed at ___ **OAKLAND, CA** _____ , on this,

the __ **14th** __ day of __ **February** __ , __ **2010** __ .

Signature   *R. A. Mitchell*    Title Director, Campus Compliance Operations

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Certificate of Release of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409

Part 2 - Taxpayer's Copy

Form 668 (Z) (Rev. 10-2000)
CAT. NO 600261

| Form 668 (Z)<br>(Rev. 10-2000) | 1872 | Department of the Treasury - Internal Revenue Service<br>**Certificate of Release of Federal Tax Lien** | |
|---|---|---|---|
| Area:<br>WAGE & INVESTMENT AREA #5<br>Lien Unit Phone: (800) 913-6050 | | Serial Number<br>580634409 | For Use by Recording Office |

I certify that the following-named taxpayer, under the requirements of section 6325 of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on ____September 23____, ____2009____, is authorized to note the books to show the release of this lien for these taxes and additions.

002475

Name of Taxpayer    V STEVEN & LOUISE Q BOOTH

Residence    5717 ROUNDUP WAY
BAKERSFIELD, CA 93306-9765

COURT RECORDING INFORMATION:
Liber    Page    UCC No.    Serial No.
n/a     n/a     n/a        0209139738

| Kind of Tax<br>(a) | Tax Period Ended<br>(b) | Identifying Number<br>(c) | Date of Assessment<br>(d) | Last Day for Refiling<br>(e) | Unpaid Balance of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1995 | XXX-XX-7668 | 07/15/1996 | N/A | |
| 1040 | 12/31/1995 | XXX-XX-7668 | 10/18/1999 | 11/17/2009 | 520715.09 |
| 1040 | 12/31/1996 | XXX-XX-7668 | 09/29/1997 | N/A | |
| 1040 | 12/31/1996 | XXX-XX-7668 | 11/15/1999 | 12/15/2009 | 492121.83 |
| 1040 | 12/31/1997 | XXX-XX-7668 | 09/28/1998 | N/A | |
| 1040 | 12/31/1997 | XXX-XX-7668 | 11/15/1999 | 12/15/2009 | 842896.80 |

**************************************************************************

Place of Filing
    COUNTY RECORDER
    KERN COUNTY                         Total    1855733.72
    BAKERSFIELD, CA 93301

This notice was prepared and signed at ____SAN JOSE, CA____, on this,

the __14th__ day of ____February____, __2010__.

Signature  R. A. Mitchell        Title  Director, Campus Compliance Operations

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Certificate of Release of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409

Part 2 - Taxpayer's Copy

Form **668 (Z)** (Rev. 10-2000)
CAT. NO 600261

V. Steven Booth
Louise Q. Booth
5717 Roundup Way
Bakersfield, CA 93306

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. 1:09-CV-01689-AWI-JLT |
|---|---|
| Plaintiff, | |
| v. | |
| V. STEVEN BOOTH, | CERTIFICATE OF SERVICE |
| LOUISE Q. BOOTH, | |
| Defendants. | |

IT IS HEREBY CERTIFIED that on this 7th day of April, 2010, I served a true and correct copy of DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS by depositing same in the United States mail, postage pre-paid first class, addressed to Guy Patrick Jennings, U.S. Dept. of Justice, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044-0683.

By: /s/ V. Steven Booth

V. Steven Booth