1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIV-F-09-1689 AWI BAK |
| ) | |
| Plaintiff, ) | **ORDER RE: MOTION TO DISMISS** |
| ) | **FOR LACK OF SUBJECT MATTER** |
| v. ) | **JURISDICTION** |
| ) | |
| VINCENT STEVEN BOOTH, LOUISE ) | |
| Q. BOOTH, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I. History**[1]

Defendants Vincent Steven and Louise Q. Booth are a married couple who file joint tax returns.  In 1999, Plaintiff United States made tax assessments against Defendants for deficiencies in the tax years 1995-1997.  Defendants have not paid the assessments.  On April 9, 2009, a grand jury in Sacramento indicted Defendants on various criminal charges related to tax evasion.  The charges generally involve allegations that Defendants have worked in concert with others to avoid paying taxes.  On September 24, 2009, Plaintiff filed this present suit to reduce the tax assessments to a judgment of $4,055,264.44.  On January 19, 2010, the case was stayed pending resolution of the criminal case against Defendants.

Defendants now make a motion seeking to dismiss this case for lack of subject matter

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

jurisdiction, arguing that Plaintiff has not followed the necessary and proper procedures for making an assessment and filing a civil suit.  Plaintiff has filed an opposition.  Defendants filed a reply.  The matter was taken under submission without oral argument.

## II. Analysis

Defendants allege "This action has not been authorized pursuant to law, at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service." Doc. 18, Defendants' Brief, at 3:22-25.  "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. §7401.  Plaintiff has provided a letter from the Internal Revenue Service Office of Chief Counsel to John DiCicco of the Tax Division of the Department of Justice which states "In accordance with the provisions of I.R.C. §§ 7401 and 7402, you are hereby authorized and requested to file such action against V. Steven and Louise Q. Booth." Doc. 19, Part 2, September 11, 2009 Letter.  John DiCicco then sent a letter to Thomas Rohall, Area Counsel for the IRS in Sacramento which states "this action has been authorized by the Attorney General of the United States, with the authorization and sanction, and at the request of Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury." Doc. 19, Part 3, September 24, 2009 Letter.  In the reply, Defendants do not address this argument.  The letters appear to satisfy the requirements of 26 U.S.C. §7401.

Defendants also argue "the court lacks subject matter jurisdiction and must dismiss the action where there is <u>no</u> appointed assessment officer to assess tax that the court can reduce to judgment." Doc. 18, Defendants' Brief, at 7:6-9.  The Internal Revenue Service Reform and Restructuring Act of 1998 ("IRS RRA") set out procedures for the reorganization of the Internal Revenue Service.  Defendants' assessments took place after the IRS RRA went into effect.  The then applicable (and currently applicable) regulation states, "The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment

shall be made by an assessment officer..." 26 C.F.R. §301.6203-1.  The IRS RRA eliminated

District Directors.  IRS Delegation Order 193 (Rev. 6) (11/08/2000) allows Directors,

Compliance Services Field to appoint assessment officers.  An important caveat in the IRS RRA

was that

> All orders, determinations, rules, regulations, permits, agreements, grants, contracts, certificates, licenses, registrations, privileges, and other administrative actions. - (A) which have been issued, made, granted, or allowed to become effective by the President, any Federal agency or official thereof, or by a court of competent jurisdiction, in the performance of any function transferred or affected by the reorganization of the Internal Revenue Service or any other administrative unit of the Department of the Treasury under this section; and (B) which are in effect at the time this section takes effect, or were final before the effective date of this section and are to become effective on or after the effective date of this section, shall continue in effect according to their terms until modified, terminated, superseded, set aside, or revoked in accordance with law by the President, the Secretary of the Treasury, the Commissioner of Internal Revenue, or other authorized official, a court of competent jurisdiction, or by operation of law.

IRS RRA, 105 Public Law 206, §1001(b) (enacted Jul. 22, 1998).  It is clear that Congress did

not intend to obstruct the functioning of the IRS in its normal duties, including that of

assessment.

Defendants' cite to <u>United States v. Living Word Christian Ctr.</u>, 2009 U.S. Dist. LEXIS

6902 (D. Minn. 2009) but that opinion is inapposite.  In that case, statute required an

"appropriate high-level Treasury official" to be involved. 26 U.S.C. §7611(a)(2).  Further, that

status was defined as "the Secretary of the Treasury or any delegate of the Secretary whose rank

is no lower than that of a principal Internal Revenue officer for an internal revenue region." 26

U.S.C. §7611(h)(7).  The IRS RRA eliminated the position of "principal Internal Revenue officer

for an internal revenue region" but did not change the preciously cited text.  The IRS delegated

the task to a much lower official.  The court determined that the lower official did not meet the

requirements of 26 U.S.C. §7611(a)(2), but noted that the IRS could save the case once by

involving a sufficiently high IRS official. <u>United States v. Living Word Christian Ctr.</u>, 2009 U.S.

Dist. LEXIS 6902, *10-11 (D. Minn. 2009).  The court found that the IRS had violated the spirit

of the law, not the form.  Strictly speaking, once the position of "principal Internal Revenue

officer for an internal revenue region" was eliminated, no other existing position could have an

equivalent rank.  Under a formal analysis, once IRS RRA was codified under 26 U.S.C.

3

§7611(h)(7), an "appropriate high-level Treasury official" could only mean the Secretary of the Treasury.  Instead, the court suggested an alternative IRS officer who would qualify. <u>United States v. Living Word Christian Ctr.</u>, 2009 U.S. Dist. LEXIS 6902, *7 and *9 (D. Minn. 2009). In the case at hand, there is no evidence that the change in officials is substantive as opposed to an adjustment of forms.

### III. Order

Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.


IT IS SO ORDERED.

Dated: _____September 21, 2010_____          _____

                                    CHIEF UNITED STATES DISTRICT JUDGE