UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIV-F-09-1689 AWI GSA |
| ) | |
| Plaintiff, ) | ORDER RE: MOTION TO DISMISS |
| ) | |
| v. ) | |
| ) | |
| VINCENT STEVEN BOOTH, LOUISE ) | |
| Q. BOOTH, MICHAEL SCOTT IOANE, ) | |
| ACACIA CORPORATE ) | |
| MANAGEMENT, LLC. and MARIPOSA ) | |
| HOLDINGS, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I. History**[1]

Defendants Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax returns. In 1999, Plaintiff United States ("United States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997. The Booths hired defendant Michael Scott Ioane ("Michael Ioane") to help them evade tax collection. The Booths owned three parcels of property (the "Properties") in Bakersfield, CA. On December 5, 2005, the Booths transferred ownership of the Properties to defendant Acacia Corporate Management

---

[1] The factual history is provided for background; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

("Acacia") and Michael Ioane, in an alleged attempt to put it out of the reach of the United States.  On December 22, 2005, the United States put a tax lien on the Properties on the basis that Michael Ioane and Acacia are nominees/alter egos of the Booths.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142).  On September 24, 2009, the United States filed this present suit to reduce the tax assessments to a judgment of $4,055,264.44, against the Booths only.  This case was stayed on January 19, 2010, pending the outcome of the criminal case. Doc. 16.  The Booths reached a plea bargain with the United States: Vincent Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed.  The Booths cooperated with the United States's criminal prosecution of Michael Ioane; Vincent Booth testified against Ioane at his trial.  On October 3, 2011, a jury found Michael Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud.  The stay in the present case was lifted on December 6, 2011. Doc. 32.  Michael Ioane has appealed the conviction, and the Ninth Circuit has indicated that there is "a 'substantial question' of law or fact that is 'fairly debatable,' and that 'if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.'" Doc. 48, Part 1, March 20, 2012 Ninth Circuit Order.  The United States filed an amended complaint on February 10, 2012, which added Michael Ioane, Acacia, and Mariposa Holdings, Inc. ("Mariposa") as defendants (collectively "Ioane Group").  Doc. 39.  This suit seeks to reduce the Booths' tax assessments to a judgment and to foreclose on the Properties.

The present case is only one of several civil suits dealing with the event surrounding the Booths' tax evasion and alleged attempts to shield the Properties from the United States's reach. Civ. Case Nos. 07-0620, 07-1129, and 12-0171.  A motion to consolidate these cases was denied. Case No. 07-1129, Doc. 140.

The present motion is brought by the Ioane Group to dismiss the United States's claim. Doc. 46.  The Booths have not filed a motion to dismiss.  The Ioane Group challenges subject

matter jurisdiction under 26 U.S.C. §7401, their inclusion in the amended complaint, and alleges this suit is duplicative of Case No. 07-1129. The United States opposes the motion. Doc. 53. The matter was taken under submission without oral argument.

The United States has subsequently filed a new motion to amend in order to add the Franchise Tax Board of the State of California as an additional defendant. Doc. 60. That matter will be heard before Magistrate Judge Austin.

## II. Legal Standards

**A. Fed. Rule Civ. Proc. 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden

3

State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969. Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Fed. Rule Civ. Proc. 12(b)(6), the Court is generally limited to reviewing only the complaint. "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. Rule Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted. The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted. "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Fed. Rule Civ. Proc. 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant

leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**B. Fed. Rule Civ. Proc 12(b)(1)**

Fed. R. Civ. Proc. 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003); General Atomic Co. v. United Nuclear Corp., 655 F.2d 968 (9th Cir. 1981). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Where the jurisdictional issue and the merits of the case are not factually completely intermeshed or intertwined, the court may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, including resolving factual disputes when necessary. St. Clair v. Chico, 880 F.2d 199, 201-02 (9th Cir. 1989).

### III. Discussion

First, the Ioane Group challenges subject matter jurisdiction. "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401. The Ioane Group argues "Booth's 'quiet title' action [Case No. 12-0171] is only masquerading as a tax collection action by the United States in this case….Not only is it a sham proceeding, it is also something barred by 26 U.S.C. §7401 since there is no statutory authorization for the action." Doc. 47. Brief, 3:4-16. This argument addresses the propriety of Case No. 12-0171 but is not strictly relevant to this case. To the extent the Ioane Group is challenging the subject matter jurisdiction of this case, the United States has provided evidence of appropriate authorization. Doc. 53, Part 2, Ex. 1.

The United States filed the first amended complaint on February 10, 2012. The Ioane Group's second argument is that "there is nothing to indicate the Court ever allowed this, or that the United States even filed any sort of motion for leave to amend or add parties." Doc. 47, Brief, 4:19-20. The United States argues that amendment was permitted by the January 13, 2012 scheduling order. The cited portion of the order simply states "Plaintiff shall file an amended complaint on or before February 10, 2012" with no mention of additional parties. Doc. 37, 2:8-9. However, the United States asserts that they did indeed seek leave to add parties. Doc. 53, Opposition, 8:3-5. The court credits the assertion of the United States as no representative of the Ioane Group took part in the telephonic scheduling conference on January 12, 2012.

Third, the Ioane Group argues the United States's claims are barred since "The stipulated Judgment (settlement agreement, between those parties, and findings of facts of this Court, (Honorable Judge Ishii) establish that the Booths have had no interest in the subject real properties." Doc. 47, Brief, 2:1-4. The Ioane Group is referring to Case No. 07-1129 in which the Ioane Group sued the Booths, certain trusts associated with the Booths, and the United States, seeking to quiet title on the Properties. 07-1129, Doc. 1. The Ioane Group then reached a "Quiet Title Pursuant to Binding Stipulated Settlement and Agreement Between the Parties Herein" ("Stipulated Settlement") with the Booths, which the court approved. 07-1129, Doc. 10. In the

Stipulated Settlement, the Ioane Group and the Booths agreed that the Properties belonged to the Ioane Group, and that at the Properties were not subject to any government liens at the time they were transferred. The United States was not a party to the Stipulated Settlement. Then, the Ioane Group filed an amended complaint without leave of court pursuant to the then applicable Fed. Rule Civ. Proc. 15(a)(1)(A); the new complaint again named the Booths as defendants. 07-1129, Doc. 28. The Ioane Group made a motion for final judgment against the Booths pursuant to Fed. Rule Civ. Proc. 54(b) to settle the case against those defendants while litigation continued with the United States. 07-1129, Doc. 37. The motion was denied, with the court stating that "[t]he settlement agreement purports to determine rights to the Propert[ies] as between [the Ioane Group and Booths.] However, ownership of the Properties is completely intertwined with the dispute between [the Ioane Group] and the United States." 07-1129, Doc. 64, 8:21-23. Instead of waiting for resolution of the case, the Ioane Group voluntarily dismissed the Booths from the case. The dismissal was unilateral under the then applicable Fed. Rule Civ. Proc. 41(a)(1), requiring no court approval to be effective; pointedly, it was not by stipulation of the parties and made no reference to any settlement. 07-1129, Doc. 66. Under Fed. Rule Civ. Proc. 41(b), such a dismissal was without prejudice. Thus, there was no final judgment against the Booths in 07-1129.

With reference to Case No. 07-1129, the Ioane Group argues "If the United States actually had any claim against the properties, it would have been required by F.R.Civ. P. 13 to file a 'mandatory' counterclaim or intervened per F.R.Civ.P. 24 on notice and timely motion in that case." Doc. 47, Brief, 4:26-28. The United States points out "the nature and purpose of the statutes authorizing government tax collection suits demonstrate Congress' intent that such suits were not to be compulsory counterclaims." Caleshu v. United States, 570 F.2d 711, 713 (8th Cir. 1978). The United States's argument is persuasive. The Ioane Group has not provided any case law that suggests United States has given up its claim.

In the alternative, the Ioane Group asks for this case (and the related cases) to be stayed pending resolution of Michael Ioane's criminal appeal to avoid prejudicing his Fifth Amendment rights. Doc. 47, Brief, 2:16-19. As a general rule, "where trial in the parallel criminal proceeding

7

has concluded, and a conviction is being challenged on appeal, the analysis shifts against staying the civil proceedings." Taylor v. Ron's Liquors Inc., 2011 U.S. Dist. LEXIS 15916, *5-6 (N.D. Cal. Feb. 8, 2011). To prevail, a party must "explain[] what the issues are in his criminal appeal [and] how precisely his rights will be jeopardized." Edward v. New United Motors Mfg., 2008 U.S. Dist. LEXIS 88900, *2 (N.D. Cal. Oct. 22, 2008). Michael Ioane has not clarified whether he would receive a new trial even if he prevailed in his appeal. If the Ioane Group wish to have this case stayed, they must make a formal motion and explain how Michael Ioane's rights would be jeopardized.

## IV. Order

The Ioane Group's motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated:     August 31, 2012
                                          CHIEF UNITED STATES DISTRICT JUDGE