# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-cv-01689 AWI GSA |
| Plaintiff, | **ORDER REGARDING THE UNITED STATES OF AMERICA'S MOTION TO AMEND THE COMPLAINT** |
| v. | |
| VINCENT STEVEN BOOTH, *et al.*, | (Document 60) |
| Defendants. | |

## RELEVANT PROCEDURAL BACKGROUND

On July 25, 2012, Plaintiff United States of America filed its Notice of Motion and Motion to Amend Complaint. The matter was originally set before District Judge Anthony W. Ishii on August 27, 2012. (Doc. 60.)

In a signed minute order dated July 26, 2012, the motion was reset to August 31, 2012, at 9:30 a.m. before the undersigned. (Doc. 61.)

On August 19, 2012, Defendants Acacia Corporate Management, LLC, Mariposa Holdings, Inc., and Michael Scott Ioane filed their opposition to the motion. (Doc. 64.)

On August 28, 2012, the motion was taken off calendar and under submission for written findings, pursuant to this Court's Local Rule 230(g). As explained below, Plaintiff's motion will be granted.

**DISCUSSION**

*Legal Standards*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed. R. Civ. P. 15(a)(2).  Here, Defendants filed responsive pleadings to Plaintiff's first amended complaint on April 11, 2012, thus, leave of Court is required. (Doc. 46.)

The United States Supreme Court has stated that

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted).  The Ninth Circuit has summarized the factors to be considered by the court to include: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  However, not all of these factors merit equal weight.  *Eminence Capital, LLC, v. Aspeon, Inc.*, 316 F.3d at 1052.  It is the consideration of prejudice that carries the greatest weight.  *Id*.  Absent prejudice, or a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. *Id*.

*Analysis*

The United States seeks to amend its complaint to add the Franchise Tax Board of the State of California ("FTB")  as a defendant in light of the FTB's claimed interest in the properties that are the subject of this dispute.

Defendants contend Plaintiff's motion is premature, that the second amended complaint "adds additional causes of action and allegations designed to confuse and interfere," and that Plaintiff should be "estopped from taking action" and its actions are barred by laches.

### A. *Undue Delay & Prejudice*

To the degree Defendants can be understood to challenge Plaintiff's motion on the basis of undue delay and prejudice, their arguments are unpersuasive.

Without specifically identifying any cause of action, Defendants assert that Plaintiff's second amended complaint "adds additional causes of action" and "[n]ew causes of action." Not so. A review of the first amended complaint and second amended complaint reveals *no new causes of action are contemplated*. Rather, as Plaintiff contends, the second amended complaint adds the FTB as a named defendant in light of its lien, filed on or about March 17, 2008, with the Kern County Recorder's office regarding "all property of the Booths." (Doc. 60-3.) More particularly, the first amended complaint and second amended complaint assert the same three causes of action, to wit: (1) to reduce to judgment joint federal tax assessments against V. Steven Booth and Louise Q. Booth; (2) to set aside fraudulent transfers and to determine sham, nominee and alter ego status; and (3) to avoid fraudulent deed of trust. (*Cf.* Doc. 39 to Doc. 60-3.)

Even if this Court were to find Plaintiff delayed in seeking to amend its complaint to add the FTB as a named defendant - and it does not so find here - such a finding is insufficient to deny leave to amend. In *Howey v. U.S.*, 481 F.2d 1187 (9th Cir. 1973), the Ninth Circuit Court of Appeals observed that "[t]he purpose of the litigation process is to vindicate meritorious claims. Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy." *Howey*, at 1191. Thus, by itself, undue delay is insufficient to prevent the Court from granting leave to amend. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

3

In sum, this Court finds neither prejudice to Defendants nor undue delay by Plaintiff.

### B. *Futility of Amendment*

The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Accordingly, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense. *Id*.

Defendants have not argued the proposed amendment would be futile. Nor could they where the amendment seeks to add a defendant entity that has a recorded lien or claim "against all property of the Booths." Those properties are the very subject of this litigation: 5717 roundup Way, 1927 21st Street, and 5705 Muirfield Drive, in Bakersfield, California. Therefore, the proposed amendment is not futile.

### C. *Bad Faith*

To the degree any argument asserted by Defendants can be interpreted to claim that Plaintiff acted with bad faith, any such argument is unpersuasive.

### D. *Remaining Matters*

While failing to cite to the relevant legal authority with regard to the propriety of amendment and the issues to be considered, Defendants oppose Plaintiff's motion on the bases of "latches" [*sic*] and collateral estoppel. (Doc. 64 at 3-7.) Further, the legal citations contained with regard to laches are neither binding nor persuasive. As to their claim that Plaintiff "is collaterally estopped from pursuing an independent action in another case," it is simply unpersuasive. Moreover, the opposition itself appears to seek remedies entirely inappropriate to the pending motion. (Doc. 64 at 5.)

### E. *Effect on the Motions Pending Before Judge Ishii*

Defendants contend that permitting Plaintiff to amend its complaint while their motion to dismiss (*see* Docs. 46-50) is pending before and awaiting decision by Judge Ishii is improper.

4

However, this argument is now moot. Judge Ishii issued an order denying Defendants' motion to dismiss on August 31, 2012. (*See* Doc. 69.)

### CONCLUSION AND ORDER

In light of the foregoing, it is hereby ORDERED that Plaintiff's motion for leave to file a second amended complaint is GRANTED. The Clerk of the Court is DIRECTED to file the second amended complaint on the Court's docket.

IT IS SO ORDERED.

Dated:   **September 17, 2012**         /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE