UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-cv-01689 AWI GSA |
| Plaintiff, | **ORDER REGARDING DEFENDANTS ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL SCOTT IOANE, AND MARIPOSA HOLDING, INC.'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| VINCENT STEVEN BOOTH, *et al.*, | |
| Defendants. | (Document 70) |

**RELEVANT PROCEDURAL BACKGROUND**[1]

On September 7, 2012, Defendants Acacia Corporate Management, LLC, Michael Scott Ioane, and Mariposa Holdings, Inc. filed a motion for a protective order. The matter was set to be heard before the undersigned on October 12, 2012. (Doc. 70.)

On October 5, 2012, the moving Defendants and Plaintiff United States of America filed a Joint Statement Re Discovery Disagreements. (Doc. 76.)

On October 9, 2012, the motion was taken off calendar and under submission pursuant to this Court's Local Rule 230(g).

---

[1] The underlying facts are familiar to the Court and the litigants. To the degree the moving Defendants contend the Facts provided in their motion (Doc. 70 at 2-6) are "undisputed" however, this Court disagrees.

1

**DISCUSSION**

*Summary of the Parties' Positions*

### The Moving Defendants

Acacia Corporate Management, LLC, Michael Scott Ioane and Mariposa Holdings, Inc. seek a protective order that would prevent Plaintiff "from seeking confidential client information, information subject to illegal search and seizure, information pending before the Ninth Circuit Court of Appeals, Criminal matter regarding (Michael Ioane), and attorney client information or further depositions or discovery." (Doc. 70 at 1-2; *see also* Doc. 76 at 7-8.)

The moving Defendants assert that Plaintiff's questions posed during depositions held August 29 and August 30 exceeded the scope of the real estate transaction between the Booth Defendants and "Bakersfield Properties and Trust Company, and Acacia Corporate Management," and relate instead to "its other business affairs," and thus are not relevant to this litigation. (Doc. 70 at 4; *see also* Doc. 76 at 6.) Similarly, the moving Defendants contend that "there are several other Acacia entities" unrelated to the litigation, and therefore any disclosure as to those entities would be improper. (Doc. 70 at 5.)

Further, the moving Defendants contend that because attorney Steve F. Stucker is "a partner and member of the Acacia Corporate Management, LLC," its "clients are covered by an attorney-client privilege." (Doc. 70 at 5; *see also* Doc. 76 at 6.) In the joint statement, the moving Defendants assert they are "in the process of providing a privilege log." (Doc. 76 at 6.)

Next, the moving Defendants contend that "many of the documents that were reviewed at the depositions were objected to because they are part of the illegal search litigation currently pending before the Ninth Circuit" and that this Court "should strike all that testimony and all those documents based on the issue of illegal search or at the very least stay any [related] discovery." (Doc. 70 at 5; *see also* Doc. 76 at 7.)

The moving Defendants assert that "Acacia clients are listed" with the Nevada Secretary of State and that Plaintiff may obtain a list from the Secretary of State. Otherwise, the moving

2

Defendants contend that Plaintiff's request for a "client list, unrelated to this litigation, raises serious first amendment privacy and association issues." (Doc. 76 at 7.)

**The Government**

Plaintiff opposes the moving Defendants' motion for a protective order for the following reasons: (1) it appears the moving Defendants improperly seek a protective order on behalf of third parties; (2) because the information the moving Defendants seek to restrict Plaintiff's access to is relevant to its assertion that "Acacia is the alter ego, nominee, or fraudulent transferee of the Booths with respect to the Subject Properties of this litigation;" (3) because its actions were taken to delay or slow discovery and to frustrate the Plaintiff's collection efforts; and (4) because good cause has not been established.

*Legal Standards*

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Moving Defendants seek a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982). A court should not prohibit a relevant deposition

3

"absent extraordinary circumstances" because such a prohibition would "likely be in error." *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979).

In order to establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test); *see also San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that to gain a protective order the party must make a particularized showing of good cause with respect to any individual document). In determining whether good cause exits for the protective order, the Court must balance the interests in allowing discovery against the relative burdens to the parties and non parties. *In re Coordinated Pretrial Proceedings in Petroleum Products Litigation*, 669 F.2d 620, 623 (10th Cir. 1982).

### *Analysis*

The moving Defendants have not shown good cause for issuance of a protective order. None of the assertions made are particularized; the moving Defendants have failed to provide specific examples or articulated reasoning. Rather, they complain broadly of irrelevant questions. They provide but one arguably specific example, to wit: the Government wanted to "know how many clients Acacia had." (Doc. 76 at 6.) This Court finds that question relevant to Plaintiff's claims. Whether or not Acacia Corporate Management, LLC, had other clients, and how many, could certainly be relevant to whether or not it is an alter ego, nominee or fraudulent transferee. The moving Defendants' broad allegations of harm are outweighed by the interests in allowing discovery. *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d at 476; *In re Coordinated Pretrial Proceedings*, 669 F.2d at 623; *Wood v. McEwen*, 644 F.2d 797, 800-801 (9th Cir. 1981).

To the degree the moving Defendants can be understood to seek a protective order on behalf of third parties - individuals or entities that have not already appeared in this action - they

4

may not do so. *See, e.g., Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d at 472-473.

In effect, the moving Defendants seek a blanket protective order. However, "[b]lanket protective orders" extend "broad protection to all documents produced [in litigation], without a showing of good cause for confidentiality as to any individual documents." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). Such orders are, by nature, overinclusive. *See Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d at 476.

Even had the moving Defendants established good cause, the Court finds that when it balances the interests in allowing the discovery against the relative burdens to the parties and non parties, that balance weighs in favor of Plaintiff and against the moving Defendants. Plaintiff has claimed that matters surrounding the transfer of the property that is the subject of this litigation are fraudulent. More particularly, that Defendant Acacia Corporate Management, LLC, is an alter ego, nominee or fraudulent transferee of the Booth Defendants concerning the three Bakersfield properties. Because the purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible" (*United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958)), Plaintiff should be permitted to discover information regarding the involved entities that could arguably go to whether or not it is an alter ego, nominee or fraudulent transferee as alleged. Moreover, it is important to note that while information may be discovered, that same information is not necessarily admissible at time of trial. The decision regarding admissibility will be made at a later stage of these proceedings by the trial judge.

With regard to the moving Defendants' claims of attorney-client privilege, yet again, their claims are broad and unspecified. Merely because an attorney is associated with an entity does not make all discovery pertaining to that entity off limits as a result of the attorney-client privilege. The Ninth Circuit explained as follows:

> Issues concerning application of the attorney-client privilege in the adjudication of federal law are governed by federal common law. *See United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989); *United States v. Hodge and Zweig*, 548 F.2d 1347, 1353 (9th Cir.1977); Fed.R.Evid. 501.

5

> Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976); *United States v. Hirsch*, 803 F.2d 493, 496 (9th Cir.1986). Because the attorney-client privilege has the effect of withholding relevant information from the factfinder, it is applied only when necessary to achieve its limited purpose of encouraging full and frank disclosure by the client to his or her attorney. *Fisher*, 425 U.S. at 403, 96 S.Ct. at 1569; *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir.1988).
>
> Not all communications between attorney and client are privileged. Our decisions have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. *See, e.g., Tornay*, 840 F.2d at 1426; *In re Grand Jury Witness (Salas and Waxman)*, 695 F.2d 359, 361-62 (9th Cir.1982); *Hodge and Zweig*, 548 F.2d at 1353; *United States v. Cromer*, 483 F.2d 99, 101-02 (9th Cir.1973). However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege. *Salas*, 695 F.2d at 362. The burden of establishing that the attorney-client privilege applies to the documents in question rests with the party asserting the privilege. *Tornay*, 840 F.2d at 1426.

*Clarke v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir. 1992).  Thus, the moving Defendants' blanket assertions of attorney-client privilege are disfavored, not persuasive, and do not provide a basis upon which to issue a protective order

The moving Defendants also assert, as they have in numerous pleadings before, that Defendant Ioane's various rights will be violated if the matter is not stayed - or in this case, discovery is not withheld - because Mr. Ioane has appealed his criminal conviction to the Ninth Circuit Court of Appeals.  As Chief Judge Anthony W. Ishii very recently indicated however, "'where trial in the parallel criminal proceeding has concluded, and a conviction is being challenged on appeal, the analysis shifts against staying the civil proceedings.'" (Doc. 69 at 7-8.)  Moreover, the moving Defendants have failed to indicate precisely how Mr. Ioane's rights might be jeopardized.  (Doc. 69 at 8.)  Therefore, the Court will take no action on this basis.

Finally, to the degree the moving Defendants assert that Plaintiff could obtain a list of Acacia Corporate Management, LLC's clients by contacting the Nevada Secretary of State's office, that assertion lacks merit.  Parties are entitled to discovery pursuant to the Federal Rules of

6

Civil Procedure where that information is in the possession of the opposing party and is relevant. It is irrelevant that the information could be obtained elsewhere.

**CONCLUSION**

For all of the foregoing reasons, the moving Defendants' motion for a protective order (Doc. 70) is DENIED.

IT IS SO ORDERED.

Dated:   **October 12, 2012**                             /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE