# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VINCENT STEVEN BOOTH, *et al.*,<br><br>　　　　Defendants. | 1:09-cv-01689 AWI GSA<br><br>**ORDER REGARDING THE UNITED STATES OF AMERICA'S SECOND MOTION TO AMEND THE COMPLAINT**<br><br>(Document 88) |

## RELEVANT PROCEDURAL BACKGROUND

On October 12, 2012, Plaintiff United States of America filed its Notice of Motion and Second Motion to Amend Complaint. The matter was originally set before District Judge Anthony W. Ishii on November 19, 2012. (Doc. 88.)

In a signed minute order dated October 16, 2012, the motion was reset to November 16, 2012, at 9:30 a.m., before the undersigned. (Doc. 91.)

Defendants Acacia Corporate Management, LLC, Mariposa Holdings, Inc., and Michael Scott Ioane did not file an opposition to the motion.

On November 5, 2012, the motion was taken off calendar and under submission for written findings. As explained below, Plaintiff's motion will be granted.

1

**DISCUSSION**

*Legal Standards*

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed. R. Civ. P. 15(a)(2). Here, Defendants filed responsive pleadings to Plaintiff's second amended complaint on October 7, 2012, thus, leave of Court is required. (*See* Docs. 78 & 89.)

The United States Supreme Court has stated that

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). The Ninth Circuit has summarized the factors to be considered by the court to include: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). However, not all of these factors merit equal weight. *Eminence Capital, LLC, v. Aspeon, Inc.*, 316 F.3d at 1052. It is the consideration of prejudice that carries the greatest weight. *Id*. Absent prejudice, or a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. *Id*.

*Analysis*

Plaintiff seeks to amend its complaint to "add as a defendant 'Alpha Enterprise LLC, a New Mexico Limited Liability Company'" because it may claim an interest in the properties that are the subject of this dispute. (Doc. 88.) Defendants have not opposed the motion.

Plaintiff asserts that during the course of a deposition taken regarding this proceeding, its "counsel became aware of two purported assignments from defendant Mariposa Holdings Inc. to Alpha Enterprise LLC of deeds of trust" regarding the properties that are the subject of this litigation. Those assignments occurred in August 2011. It contends Alpha Enterprise LLC is another sham entity controlled by Defendant Michael Scott Ioane, for the purpose of delaying enforcement of federal tax liens against the subject properties. (*See* Doc. 88-1 at 3-4; *see also* Docs. 88-3 & 88-4.)

Pursuant to Title 26 of the United States Code Annotated section 7403, "[a]ll persons having liens upon or claiming any interest in the property involved" in an action to enforce a lien or to subject property to payment of tax, shall be made a party to the action. Here then, because Alpha Enterprise LLC may claim an interest in the property or properties involved in this action, it should be made a party to this action. *See also, e.g., United States v. Smith*, 950 F.Supp. 1394 (N.D. Ind. 1996) (trust properly named as defendant in action for collection of unpaid taxes where title to property fraudulently conveyed); 35 Am.Jur.2d, *Federal Tax Enforcement*, § 1113 (2012).

Further, this Court finds there is no prejudice to the Defendants, nor has Plaintiff acted in bad faith or with undue delay. Finally, the amendment sought by Plaintiff is not futile. *See Foman v. Davis*, 371 U.S. at 182.

**CONCLUSION AND ORDER**

In light of the foregoing, it is hereby ORDERED that Plaintiff's motion for leave to file a third amended complaint is GRANTED. The Clerk of the Court is DIRECTED to file the third amended complaint on the Court's docket.

IT IS SO ORDERED.

Dated:   **November 6, 2012**                    **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

3