1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CIV-F-09-1689 AWI GSA** |
| ) | |
| **Plaintiff,** ) | **ORDER RE: MOTION TO DISMISS** |
| ) | |
| **v.** ) | |
| ) | |
| **VINCENT STEVEN BOOTH, LOUISE** ) | |
| **Q. BOOTH, MICHAEL SCOTT IOANE,** ) | |
| **ACACIA CORPORATE** ) | |
| **MANAGEMENT, LLC. and MARIPOSA** ) | |
| **HOLDINGS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ————————————————— ) | |

### I. History

Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax returns.  The Booths owned three parcels of property (the "Subject Properties") in Bakersfield, CA.  The Booths met Plaintiff Michael Scott Ioane ("Ioane") and began taking his advice on how to reduce/evade their income tax liabilities.  In 1996, the Booths transferred ownership of the Subject Properties to the Alpha Omega Trust and the Aligned Enterprises Trust; in 2002, they transferred ownership of the Subject Properties to the Bakersfield Properties and Trust Company (all three entities collectively the "Booth Trusts").  The beneficiaries of the Booth Trusts are the Booths' children.

In 1999, Plaintiff United States ("United States") made tax assessments against the

1

Booths for deficiencies in the tax years 1995-1997.  The United States filed a tax lien in Kern County against the Booths ("2000 Tax Lien").  On December 5, 2005, the Booth Trusts transferred ownership of the Subject Properties to Plaintiff Acacia Corporate Management, LLC ("Acacia") and Ioane, in an alleged attempt to put it out of the reach of the United States.  On December 22, 2005, the United States filed a tax lien on the Subject Properties specifically ("2005 Tax Lien") on the basis that Ioane and Acacia are nominees/alter egos of the Booths.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142).  On September 24, 2009, the United States filed this present suit to reduce the tax assessments to a judgment of $4,055,264.44, against the Booths only.  This case was stayed on January 19, 2010, pending the outcome of the criminal case. Doc. 16.  The Booths reached a plea bargain with the United States: Vincent Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed.  The Booths cooperated with the United States's criminal prosecution of Ioane; Vincent Booth testified against Ioane at his trial.  On October 3, 2011, a jury found Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud.  The stay in the present case was lifted on December 6, 2011. Doc. 32.  Ioane has appealed the conviction.  The Ninth Circuit has yet to make its ruling on the appeal.

The United States filed a first amended complaint on February 10, 2012, which added Ioane, Acacia, and Mariposa Holdings, Inc. ("Mariposa") as defendants. Doc. 39.  The United States was granted leave to file a second and third amended complaint to add the California Franchise Tax Board ("FTB") and Alpha Enterprise LLC ("Alpha") as defendants.  This suit seeks to reduce the Booths' tax assessments to a judgment, to quiet title on the Subject Properties, and to foreclose on the Subject Properties to satisfy federal tax liens.  Acacia, Mariposa, and Alpha (collectively with Ioane himself the "Ioane Group") are alleged to be entities controlled by Ioane who have interests in the Subject Properties.  This suit is only one of several civil suits dealing with the events surrounding the Booths' tax evasion and alleged attempts to shield the Subject Properties from the United States's reach. Civ. Case Nos. 07-0620,

07-1129, and 12-0171.  A motion to consolidate these cases was denied. Doc. 51.  The Ioane Group made two motions to say the case pending Ioane's criminal appeal. Docs. 102 and 122.  The motions have been denied. Docs. 115 and 128.

Of note, in one of the cases (Acacia v. United States, 07-1129) the Ioane Group filed suit against the United States, the Booths, and the Booth Trusts, seeking to quiet title to the Subject Properties.  In 2007, before the commencement of the criminal suit, the Ioane Group reached a "Quiet Title Pursuant to Binding Stipulated Settlement and Agreement Between the Parties Herein" ("Stipulated Settlement"), which the court approved.  In the Stipulated Settlement, the Ioane Group and the Booths agreed that the Subject Properties belonged to the Ioane Group and that the Subject Properties were not subject to any government liens at the time they were transferred.  The United States was not a party to the Stipulated Settlement.  The Ioane Group made a motion for final judgment based on the Stipulated Settlement; it was denied.  The Ioane Group then voluntarily dismissed all claims against the Booths and the Booth Trusts.  The Stipulated Settlement was found to be ineffective as it was never reduced to final judgment.

The Ioane Group in this case has now filed a motion to dismiss the third amended complaint. Doc. 117.  The United States opposes the motion. Doc. 120.  The matter was taken under submission without oral argument. Doc. 126.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

1   doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that

2   actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56

3   (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a

4   motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the

5   Court of Appeals observed, be a context-specific task that requires the reviewing court to draw

6   on its judicial experience and common sense. But where the well-pleaded facts do not permit the

7   court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it

8   has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950

9   (2009), citations omitted.  The court is not required "to accept as true allegations that are merely

10  conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden

11  State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general

12  allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l

13  Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957),

14  overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is

15  whether there is any set of "facts that could be proved consistent with the allegations of the

16  complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S.

17  506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts

18  which [they have] not alleged, or that the defendants have violated...laws in ways that have not

19  been alleged." Associated General Contractors of California, Inc. v. California State Council of

20  Carpenters, 459 U.S. 519, 526 (1983).

21      In deciding whether to dismiss a claim under Fed. Rule Civ. Proc. 12(b)(6), the Court is

22  generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a

23  court may consider material which is properly submitted as part of the complaint on a motion to

24  dismiss...If the documents are not physically attached to the complaint, they may be considered if

25  the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on

26  them. Second, under Fed. Rule Evid. 201, a court may take judicial notice of matters of public

27  record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.

28  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine,

**4**

1  which permits us to take into account documents whose contents are alleged in a complaint and

2  whose authenticity no party questions, but which are not physically attached to the plaintiff's

3  pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court

4  may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in

5  opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers

6  should be considered by the court in determining whether to grant leave to amend or to dismiss

7  the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

8  2003), citations omitted.

9       If a Fed. Rule Civ. Proc. 12(b)(6) motion to dismiss is granted, claims may be dismissed

10  with or without prejudice, and with or without leave to amend.  "[A] district court should grant

11  leave to amend even if no request to amend the pleading was made, unless it determines that the

12  pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d

13  1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir.

14  1995).  In other words, leave to amend need not be granted when amendment would be futile.

15  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

16

17                                    **III. Discussion**

18       First, the Ioane Group argues the United States's claims are barred by the Stipulated

19  Settlement: "The Deed of Trust was recorded and the quiet title action brought by the defendants

20  resulted in a Stipulated Agreement which was approved by the Court in 2007....It is settled law

21  that a Stipulated Settlement Agreement entered into in good faith and approved by the court is

22  binding on the parties." Doc. 117, Brief, 7:7-11.  This argument has already been addressed and

23  rejected. See Doc. 69, August 31, 2012 Order, 6:21-7:25.

24       Second, the Ioane Group argues that the United States is making contradictory claims as

25  to the amount the Booths owe in back taxes. Doc. 117, Brief, 8:8-17.  In the criminal case,

26  Vincent Booth pled to owing $207,000 in taxes while in this civil case, the United States is

27  seeking $4,055,264.43.  The United States points out that the determination of tax deficiency in a

28  criminal case does not bar the United States from seeking a larger sum in a civil case as the

5

1 amount is not an element necessarily determined by the criminal conviction. <u>Hickman v.</u>

2 <u>Commissioner</u>, 183 F.3d 535, 537-38 (6th Cir. 1999).  Estoppel does not apply in this

3 circumstance.

4     Third, the Ioane Group again asks for the case to be stayed pending resolution of Ioane's

5 criminal appeal. Doc. 117, Brief, 9:26-11-13.  Again, this argument has been rejected in prior

6 orders. Docs. 115 and 128.

7     Additionally, the Ioane Group makes arguments that go to the substance of the claims.

8 Doc. 117, Brief, 8:18-9:25.  They argue that the Subject Properties were first validly transferred

9 to the Booth Trusts before the 2000 Tax Lien and so the United States has no valid lien on the

10 Subject Properties.  They also claim that the facts will show that the Ioane Group validly

11 purchased the Subject Properties, providing full consideration for the sale.  These assertions do

12 not challenge the sufficiency of the United States's pleading.  In response, the United States

13 requests the opportunity to conduct discovery in this case. Doc. 120, Opposition, 8:11-9:8.

14

15                                    **IV. Order**

16     The Ioane Group's motion to dismiss is DENIED.  Defendants who have not yet filed an

17 answer are directed to do so within seven (7) days of the filing of this order.

18

19

20 IT IS SO ORDERED.

21

22 Dated:   May 7, 2013                    _____

23                                         SENIOR  DISTRICT  JUDGE

24

25

26

27

28

6