# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | CASE NO. 1:07-CV-1129 AWI GSA<br><br>ORDER RE: MOTIONS FOR TELEPHONE AND OTHER ACCOMMODATIONS; MOTIONS TO SHORTEN TIME; MOTIONS TO STRIKE |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VINCENT STEVEN BOOTH, et al.,<br><br>　　　　Defendants. | CASE NO. 1:09-CV-1689 AWI GSA |
| STEVEN BOOTH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ACACIA CORPORATE MANAGEMENT, LLC., et al.,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 1:12-CV-0171 AWI GSA |

## I. History

This is three sided litigation: the United States, the Booths, and the Ioane Group are fighting over the Subject Properties. The United States's case is 09-1689. The Booths's case is 12-0171. The Ioane Group's case is 07-1129.

Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax returns. The Booths owned three parcels of property (the "Subject Properties") in Bakersfield, CA. The Booths met Plaintiff Michael Scott Ioane ("Ioane") and began taking his advice on how to reduce/evade their income tax liabilities. In 1996, the Booths transferred ownership of the Subject Properties to the Alpha Omega Trust and the Aligned Enterprises Trust; in 2002, they transferred ownership of the Subject Properties to the Bakersfield Properties and Trust Company (all three entities collectively the "Booth Trusts"). The beneficiaries of the Booth Trusts are the Booths' children.

In 1999, Defendant United States ("United States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997. The United States filed a tax lien in Kern County against the Booths ("2000 Tax Lien"). On December 5, 2005, the Booth Trusts transferred ownership of the Subject Properties to Plaintiff Acacia Corporate Management, LLC ("Acacia") and Ioane, in an alleged attempt to put it out of the reach of the United States. On December 22, 2005, the United States filed a tax lien on the Subject Properties specifically ("2005 Tax Lien") on the basis that Ioane and Acacia (collectively "Ioane Group") are nominees/alter egos of the Booths.

On August 3, 2007, the Ioane Group filed 07-1129 against the United States, the Booths, and the Booth Trusts, seeking to quiet title to the Subject Properties. Doc. 1. The Ioane Group then reached a "Quiet Title Pursuant to Binding Stipulated Settlement and Agreement Between the Parties Herein" ("Stipulated Settlement"), which the court approved. Doc. 10. In the Stipulated Settlement, the Ioane Group and the Booths agreed that the Subject Properties belonged to the Ioane Group and that the Subject Properties were not subject to any government liens at the time they were transferred. The United States was not a party to the Stipulated Settlement. The Ioane Group made a motion for final judgment based on the Stipulated

Settlement; it was denied. Doc. 64.  The Ioane Group then voluntarily dismissed all claims against the Booths and the Booth Trusts. Doc. 66.  The only remaining parties in the case are the Ioane Group (plaintiffs) and the United States (defendant).  This case was stayed pending related criminal proceedings.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142).  On September 24, 2009, the United States filed this 09-1689 to reduce the tax assessments to a judgment of $4,055,264.44, against the Booths only.  This case was stayed on January 19, 2010, pending the outcome of the criminal case. Doc. 16.  The Booths reached a plea bargain with the United States: Vincent Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed.  The Booths cooperated with the United States's criminal prosecution of Ioane; Vincent Booth testified against Ioane at his trial. On October 3, 2011, a jury found Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud.  The stay in the cases was lifted on December 6, 2011. Doc. 32.  Ioane has appealed the conviction.  The Ninth Circuit has yet to make its ruling on the appeal.

The court ruled that the Stipulated Settlement was ineffective against the United States in 07-1129. Doc. 148.  Meanwhile, the Booths filed 12-0171 in the Superior Court of California, County of Kern against the Ioane Group to quiet title on the Subject Properties.  The Ioane Group filed a cross claim against the Booths and the United States, also seeking to quiet title on the Subject Properties.  Thereafter, the entire suit was removed to federal court by the United States under 28 U.S.C. § 1442.

These are the three civil cases.  A motion to consolidate these cases was denied on April 12, 2012.  As part of that order, Judge Austin said that "all scheduling orders issued shall be consistent with one another regarding relevant deadlines and dates."  A scheduling conference has never been held in 12-0171.  A motion to dismiss was granted in 12-0171 and there is currently no operative complaint in that case.  The schedule in 07-1129 and 09-1689 had the dispositive motions by March 1, 2013, pretrial conference on May 23, 2013, and trial on July 16,

2013. A telephonic conference on these cases was held on May 6, 2013. William McPike ("McPike") had been assumed to be the attorney for both Ioane and Acacia. In a filing just before the May 6, 2013 hearing, he indicated that he was not representing Ioane and that Ioane was in fact pro se. McPike explained his earlier actions making filings for Ioane as simply helping Ioane while Ioane was incarcerated. McPike reaffirmed that he was the attorney of record for Acacia. The court directed McPike to make a motion to withdraw as counsel.

Since that time, the Ioane Group has filed four motions (three of which were filed in parallel in all three civil cases): a motion to withdraw as attorney, motions for telephone and other accommodations to handle pro se litigations, motions to shorten time, and motions to join necessary parties. The United States, in response, has filed a motion to strike the motions to join necessary parties.

## II. Discussion

In these three cases, McPike is the attorney of record for Ioane. In numerous filings in all three cases, McPike has styled himself as "Attorney for Defendants Michael Ioane and Acacia Corporate Management, LLC"; "Attorney for Acacia Corporate Management, LLC and Michael Scott Ioane"; or "Attorney for Acacia Corporate Management, LLC, Michael Scott Ioane, & Matiposa Holding Inc." See, e.g. Case No. 07-1129, Docs. 142, 162, 173, and 181; Case No. 09-1689, Docs. 57, 71, 78, 102, and 117; Case No. 12-0171, Docs. 26 and 65. McPike has called himself Ioane's attorney in court filings as late as April 23, 2013. Case No. 07-1129, Doc. 181. Further, McPike has made a declaration to that effect in at least one case: "William McPike declares the following under penalty of perjury: 1. I am the attorney for Michael S. Ioane, and Acacia Corporate Management, LLC." Case No. 12-0171, Doc. 26, Part 1, April 20, 2012 Declaration. Thus unless the court orders otherwise, McPike is Ioane's attorney of record in these three cases. Local Rule 182(d) states "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon motion and notice to the client and all other parties who have appeared....The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder." Though McPike has a pending

motion to withdraw, the court expects him to fully represent Ioane in all respects unless/until the court orders otherwise.

**A. Motions for Telephone and Other Accommodations to Handle Pro Se Litigations**

The undersigned's practice is for attorneys to attend the pretrial conference in person. The parties themselves do not take part in that hearing. As Ioane is represented by McPike and will remain so unless/until the court orders otherwise, there is no need for Ioane to take part in the hearing. Similarly, there is no need for other accommodations as Ioane is not pro se in these cases.

**B. Motions to Shorten Time**

The Ioane Group has noticed their motions for withdrawal of attorney and to join necessary parties on June 10, 2013. The Ioane Group hopes to have them heard before the pretrial conference set for May 23, 2013. They do not explain why it is necessary to have them heard in that time frame. McPike represents Ioane and is well versed in the facts of the case based on his ongoing representation of both Ioane and Acacia. The Ioane Group's motions based on necessary joinder could have been brought at any time in these cases. "The issue can be properly raised at any stage in the proceeding." CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911-12 (9th Cir. 1991). The Ioane Group chose to do so at this time and there is no compelling reason to cut off the normal briefing process.

**C. Motions to Strike**

The United States seeks to strike the motions to join necessary parties. In key part, the United States points out that Local Rule 230(b) requires that a hearing be set no less than 28 days after the filing of the motion. The Ioane Group filed the motions for judgment on May 14, 2013, setting the hearing for June 10, 2013, which is 27 days later. Given the tight schedule involved if the trial date is to be preserved, this violation of local rules is excused. The United States has adequate time to prepare an opposition.

1    The United States also argues that this is a dispositive motion that should have been filed
2 no later than March 1, 2013, the dispositive motion deadline.  However, as stated above, issues
3 of necessary joinder may be raised at any time.
4    The United States further argues that the Ioane Group has violated Local Rule 230(j) as
5 the United States believes this to be a motion for reconsideration.  The United States is wrong.
6 The issue of necessary joinder of the various entities that have owned the Subject Properties in
7 the 1990s and 2000s has never been raised in these cases.

### III. Order

The Ioane Group's motions for telephone and other accommodations are DENIED.

The Ioane Group's motions to shorten time are DENIED.

The United States' motions to strike are DENIED.

The motions to withdraw and for judgment based on necessary joinder will be heard on Monday, June 10, 2013 at 1:30 PM.

IT IS SO ORDERED.

Dated:  May 15, 2013

SENIOR DISTRICT JUDGE