**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ACACIA CORPORATE MANAGEMENT, LLC, MICHAEL IOANE,** ) | **CASE NO. 1:07-CV-1129 AWI GSA** |
| ) | **ORDER RE: MOTION TO WITHDRAW AS ATTORNEY OF RECORD** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | **CASE NO. 1:09-CV-1689 AWI GSA** |
| Defendants. ) | |
| ——————————————— ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| **VINCENT STEVEN BOOTH, et al.,** ) | **CASE NO. 1:12-CV-0171 AWI GSA** |
| Defendants. ) | |
| ——————————————— ) | |
| **STEVEN BOOTH, et al.,** ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| **ACACIA CORPORATE MANAGEMENT, LLC., et al.,** ) | |
| Defendants. ) | |
| ——————————————— ) | |
| **AND RELATED COUNTERCLAIMS** ) | |
| ——————————————— ) | |

## I. History

This is three sided litigation: the United States, the Booths, and the Ioane Group dispute

1

1   ownership over the Subject Properties.  The United States initiated case is 09-1689.  The Booths

2   initiated case is 12-0171.  The Ioane Group initiated case is 07-1129.  The citation of documents

3   in the record refers to the docket in Civ. Case No. 07-1129.

4          Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax

5   returns.  Vincent Booth purchased 5705 Muirfield Drive, Bakersfield, CA ("Muirfield") in 1986;

6   the Booths purchased 5717 Roundup Way, Bakersfield, CA ("Roundup") in 1994; Vincent Booth

7   purchased 1927 21st Street, Bakersfield, CA ("21st Street") in October 1996 (collectively the

8   "Subject Properties").  The Booths set up three trusts, the Alpha Omega Trust ("Alpha Omega"),

9   Aligned Enterprises Trust ("Aligned"), and Agape Foundation ("Agape") in 1995.  The

10   beneficiaries of Alpha Omega and Aligned were the Booths' children and Agape.  The Booths

11   were trustees of Alpha Omega and Aligned from 1996 to July 2000.  The Booths transferred

12   ownership of Muirfield and Roundup to Alpha Omega in July 1996 through quitclaim deeds;

13   they transferred 21st Street to Aligned in 1996.  In the 1990s and 2000s, the Booths resided at

14   Roundup, Vincent Booth used 21st Street as his medical chiropractic office, and Vincent Booth's

15   mother resided at Muirfield.  The Booths may have paid rent to the various trusts and entities that

16   held formal title to the Subject Properties.

17          The Booths met Plaintiff Michael Scott Ioane ("Ioane") and began taking his advice on

18   how to reduce/evade their income tax liabilities.  In 1999, Defendant United States ("United

19   States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997.

20   The United States filed a tax lien in Kern County against the Booths ("2000 Tax Lien").  On

21   December 22, 2005, the United States filed a tax lien on the Subject Properties specifically

22   ("2005 Tax Lien").

23          Meanwhile the parties dispute what happened to the Subject Properties.  Ioane established

24   Acacia Corporate Management, LLC ("Acacia"), Mariposa Holding, LLC ("Mariposa"), and

25   Alpha Enterprise LLC ("Alpha Enterprise").  These four parties (collectively the "Ioane Group")

26   share the same interests and are all represented by the same attorney, William McPike

27   ("McPike").  Some combination of the Booths, Alpha Omega, Aligned, and Ioane Group

28   established the Bakersfield Properties & Trust Co. ("BPT") and Southern Financial Trust

2

("Southern").  Alpha Omega and Aligned executed a deed of trust, encumbering the Subject Properties with a loan obligations owing to Southern and then transferred the Subject Properties to BPT in 2000.  BPT transferred the Subject Properties to Acacia and Ioane on December 5, 2005.  The obligations to Southern was assigned to Treble LLC ("Treble") who assigned them to Mariposa.  The United States alleges that all of the transfers and assignments were for little or no consideration.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142).  The Booths reached a plea bargain with the United States: Vincent Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed.  The Booths cooperated with the United States's criminal prosecution of Ioane; Vincent Booth testified against Ioane at his trial.  On October 3, 2011, a jury found Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud.  Ioane has appealed, but the Ninth Circuit affirmed the conviction on May 23, 2013.  Ioane is in the process of seeking en banc review.

Presently, in Civ. Case No. 09-1689 which is the lead case expected to proceed to trial first, the United States is suing the Booths, Ioane, Acacia, Mariposa, Alpha Enterprise, and California's Franchise Tax Board ("FTB") to foreclose on the Subject Properties and to have the transfers and deeds of trust to be set aside or avoided as fraudulent.  The FTB may have state tax liens against the Booths that may burden the Subject Properties.  The Ioane Group has made a motion to join additional parties as necessary under Fed. Rule Civ. Proc. 19. Doc. 194.

Addtionally, McPike has made a motion to withdraw as attorney of record for Ioane. Doc. 190.  Ioane agrees with the motion and seeks to represent himself. Doc. 201.[1]  The United States opposes the motion. Doc. 193.  A hearing on the matter was held on June 10, 2013 in which

---

[1]There is some confusion as this controversy involves three cases proceeding in parallel. Technically, McPike only filed a motion to withdraw in 07-1129.  Ioane filed motions entitled "Ex Parte Request for 'Faretta' Hearing" in 07-1129 and 12-0171.  To be clear, this order addresses McPike's representation of Ioane in all three cases.

Ioane participated in telephonically.

## II. Discussion

McPike claims that Ioane was always representing himself with McPike helping him make filings, and that his current status as attorney of record was a misunderstanding. The court has already rejected that assertion in a prior order. Doc. 197. McPike has stated that he is the attorney of record for Ioane in a sworn declaration: "William McPike declares the following under penalty of perjury: 1. I am the attorney for Michael S. Ioane, and Acacia Corporate Management, LLC." Civ. Case No. 12-0171, Doc. 26, Part 1, April 20, 2012 Declaration. McPike seeks to withdraw from his representation of Ioane and Ioane wishes to represent himself in these cases. McPike asserts that "A defendant has the constitutional right to represent himself when he voluntarily and intelligently elects to do so" citing to criminal cases and the Sixth Amendment. Doc. 190, 2:15-20. Similarly Ioane seeks to "establish my rights to proceed in pro se, Faretta v. California, 422 U.S. 806, 95 S.Ct. 2825 (1975), 6th Amendment U.S. Constitution." Doc. 201. Faretta states that "the Sixth Amendment right to the assistance of counsel implicitly embodies a correlative right to dispense with a lawyer's help." Faretta v. Cal., 422 U.S. 806, 814 (1975). However, the Sixth Amendment deals with the rights of criminal defendants, not civil litigants. "[T]he Sixth Amendment does not govern civil cases." Turner v. Rogers, 131 S. Ct. 2507, 2516 (2011).

"The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is contained in 28 U.S.C. § 1654. Section 1654 is intended to provide individuals with equal access to the courts by permitting individuals to represent themselves." Simon v. Hartford Life and Accident Ins. Co., 546 F.3d 661, 664 (9th Cir. 2008). Title 28 U.S.C. § 1654 states "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as , by the rules of such courts, respectively, are permitted to manage and conduct causes therein." "Civil litigants do not have a Sixth Amendment right to self-representation. They do, however, have a statutory entitlement to proceed pro se in the federal courts. 28 U.S.C. § 1654....[but] neither is the right absolute." Madyun Abdulhaseeb v.

1   Hargett, 171 Fed. Appx. 224, 227 (10th Cir. 2006), citations omitted.  "[A] request for

2   self-representation need not be granted if it is intended merely as a tactic for delay." United

3   States v. Flewitt, 874 F.2d 669, 674 (9th Cir. 1989).

4          "A court may consider events preceding a motion for self-representation to determine

5   whether the request is made in good faith or merely for delay." United States v. George, 56 F.3d

6   1078, 1084 (9th Cir. 1995).  In this case, after Ioane was convicted in October 2011, the Ioane

7   Group has continuously requested the trial be delayed.  The motion to proceed pro se is brought

8   simultaneously with a motion to join necessary parties under Fed. Rule Civ. Proc. 19, which, if

9   granted, would naturally require delaying the trial to accommodate the new parties.  In George,

10  the Ninth Circuit affirmed a trial court's denial of pro se request, noting that "George sought a

11  continuance in conjunction with his motion to proceed pro se [and] the court had previously

12  denied motions for additional continuances." United States v. George, 56 F.3d 1078, 1084 (9th

13  Cir. 1995).  Though a motion may be brought in a timely fashion, it should still be denied if "the

14  motion is interposed for delay." United States v. Akers, 215 F.3d 1089, 1097 (10th Cir. 2000)

15  (affirming denial even though the motion was brought "more than one month prior to trial").

16         The Eastern District has held that "assent of the client alone does not require the court to

17  grant a motion for withdrawal. Rather, in ruling on a motion to withdraw, courts have looked at

18  several factors including: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal

19  may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice;

20  and 4) the degree to which withdrawal will delay the resolution of the case." CE Res., Inc. v.

21  Magellan Group, LLC, 2009 U.S. Dist. LEXIS 100776, *4-5 (E.D. Cal. Oct. 14, 2009), citations

22  omitted.  The court is concerned with delay of the scheduled July 16, 2013 trial.  Ioane is

23  currently in prison and is in the process of appealing his conviction.  "Lawful incarceration

24  results in the limitation of many privileges and rights, including the right under 28 U.S.C. § 1654

25  of parties to plead and manage their own causes personally." Smith v. Adam, 2013 U.S. Dist.

26  LEXIS 42689, *19 (N.D. Cal. Mar. 26, 2013) (denying plaintiff his request to attend

27  depositions).  In this case, the court issued a writ of habeas corpus ad testificandum for Ioane to

28  appear in person at the hearing on this motion. Doc. 204.  The court then received requests from

1  Ioane and John Balazs, Ioane's separate criminal counsel, to cancel the writ as it would interfere

2  with Ioane's preparations in his criminal case; the deadline for filing Ioane's petition for

3  rehearing en banc is June 17, 2013. Docs. 205 and 206.  In this civil case, motions in limine are

4  similarly due June 17, 2013.  There is no reasonable way for Ioane to represent himself and keep

5  up with the pretrial schedule; granting Ioane's motion would necessitate the postponement of the

6  July 16, 2013 trial date.  Indeed, after the court made a preliminary ruling denying his motion,

7  Ioane stated that he would prefer to be excused from attending the trial itself as it would be

8  burdensome to transport him from Lompoc (where he is being held) to Fresno.  Ioane said that he

9  believed transport would be time consuming, and more importantly, cut him off from contact

10 with his family and lawyers for days at a time while he is working on his criminal appeal.

11 Ioane's statements clearly support the court's preliminary ruling that there is no practical way to

12 allow Ioane to represent himself and keep the current trial date.

13         Further, as a practical matter, McPike is the attorney of record for Acacia, Mariposa, and

14 Alpha Enterprise.  Even if McPike were permitted to withdraw from representing Ioane, he

15 would still represent these other entities.  The court surmises that the evidence and arguments to

16 be presented by these entities are similar if not identical to that of Ioane.  Any burden on McPike

17 or any detriment to Ioane would be minimal to non-existent.

18

19                                           **III. Order**

20         McPike's motion to withdraw as attorney and Ioane's request to proceed pro se are

21 DENIED.  McPike remains Ioane's attorney of record in all three cases (Civ. Case Nos. 07-1129,

22 09-1689, and 12-0171).

23 IT IS SO ORDERED.

24

25 Dated:    June 11, 2013                    _____

26                                           SENIOR  DISTRICT  JUDGE

27

28

**6**