# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT STEVEN BOOTH, *et al.*,<br><br>    Defendants. | 1:09-cv-01689 AWI GSA<br><br>**ORDER DENYING EX PARTE REQUEST BY DEFENDANT ACACIA CORPORATE MANAGEMENT, LLC, FOR A MORE DEFINITE STATEMENT AND ACCOUNTING FROM PLAINTIFF UNITED STATES OF AMERICA**<br><br>(Doc. 161) |

On June 13, 2013, Defendant Acacia Corporate Management, LLC ("Defendant") filed a pleading entitled "Ex Parte Request for Order Ordering Plaintiff United States to Provide Defendants Acacia, et. al., with a More Definite Statement and Accounting." (Doc. 161). For the reasons discussed below, Defendant's ex parte application is denied. The factual and procedural background of this action has been described in detail in previous orders of the Court and will not be repeated here.

Defendant bases his ex parte application solely on Rule 12(e), Fed. R. Civ. P. Defendant's

1

pleading does not reference any other authority. Rule 12(e) provides as follows:

> A party may move for *a more definite statement of a pleading* to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and *must point out the defects complained of and the details desired*.

(Emphasis added).

Defendant's ex parte application fails to comport with the requirements of Rule 12(e). First, Rule 12(e) provides only for a properly-noticed motion, not an ex parte application as filed here. More importantly, the scope of Rule 12(e) is limited to motions seeking clarification of the meaning of a pleading. Indeed, the rule expressly states that a motion made pursuant to this rule "must point out the defects" in a specific pleading that the moving party is precluded from responding to on account of its ambiguity. Defendant's instant application does not seek clarification regarding ambiguities in a pending pleading by the United States. Rather, it presents an independent request for substantive information in relation to the instant litigation. Specifically, the application's stated purpose is to obtain "a more definite statement listing among other things[1] a proper accounting of the balance [of unpaid, back taxes] owed by the Booths" to the Internal Revenue Service. (Doc. 161). Rule 12(e) does not provide an alternative mechanism for a party to conduct discovery, and does not authorize Defendant's application. *See, e.g., Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

Defendant's request for a more definite statement is, therefore, DENIED.

IT IS SO ORDERED.

   Dated:   June 17, 2013                     /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's application fails to specify what "other things" it seeks to obtain through the instant ex parte application.

2