UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>VINCENT STEVEN BOOTH, LOUISE Q. BOOTH, MICHAEL SCOTT IOANE, ACACIA CORPORATE MANAGEMENT, LLC,  MARIPOSA HOLDINGS, INC., AND ALPHA ENTGERPRISES, LLC,<br><br>Defendants | CASE NO. 1:09-CV-1689 AWI GSA<br><br>ORDER RE: MOTIONS IN LIMINE AND REQUEST FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM<br><br>DOCS. 164, 165, AND 174 |

**I. History**

These proceedings involves multiple-sided litigation: the United States, the Booths, the FTB, and the Ioane Group dispute ownership over the Subject Properties.  This case, Civ. Case No. 09-1689, is the lead case and was initiated by the United States.  The Booths initiated Civ. Case No. 12-0171.  The Ioane Group initiated Civ. Case. No. 07-1129.

Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax returns.  Steven Booth purchased 5705 Muirfield Drive, Bakersfield, CA ("Muirfield") in 1986; the Booths purchased 5717 Roundup Way, Bakersfield, CA ("Roundup") in 1994; Steven Booth purchased 1927 21st Street, Bakersfield, CA ("21st Street") in October 1996 (collectively the "Subject Properties").  The Booths set up three trusts, the Alpha Omega Trust ("Alpha Omega"), Aligned Enterprises Trust ("Aligned"), and Agape Foundation ("Agape") in 1995.  The beneficiaries of Alpha Omega and Aligned were the Booths' children and Agape.  The Booths

were trustees of Alpha Omega and Aligned from 1996 to July 2000. The Booths transferred ownership of Muirfield and Roundup to Alpha Omega in July 1996 through quitclaim deeds; they transferred 21st Street to Aligned in 1996. In the 1990s and 2000s, the Booths resided at Roundup, Steven Booth used 21st Street as his medical chiropractic office, and Steven Booth's mother resided at Muirfield. The Booths may have paid rent to the various trusts and entities that held formal title to the Subject Properties.

The Booths met Plaintiff Michael Scott Ioane ("Ioane") and began taking his advice on how to reduce/evade their income tax liabilities. In 1999, Plaintiff United States ("United States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997. The United States filed a tax lien in Kern County against the Booths ("2000 Tax Lien"). On December 22, 2005, the United States filed a tax lien on the Subject Properties specifically ("2005 Tax Lien").

Meanwhile the parties dispute what happened to the Subject Properties. Ioane established Acacia Corporate Management, LLC ("Acacia"), Mariposa Holding, LLC ("Mariposa"), and Alpha Enterprise LLC ("Alpha Enterprise"). These four parties (collectively the "Ioane Group") share the same interests and are all represented by the same attorney, William McPike. Some combination of the Booths, Alpha Omega, Aligned, and Ioane Group established the Bakersfield Properties & Trust Co. ("BPT") and Southern Financial Trust ("Southern"). Alpha Omega and Aligned executed a deed of trust, encumbering the Subject Properties with a loan obligations owing to Southern and then transferred the Subject Properties to BPT in 2000. BPT transferred the Subject Properties to Acacia and Ioane on December 5, 2005. The obligations to Southern was assigned to Treble LLC ("Treble") who assigned them to Mariposa. The United States alleges that all of the transfers and assignments were for little or no consideration.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142). The Booths reached a plea bargain with the United States: Steven Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed. The Booths cooperated with the United States's criminal prosecution of Ioane; Steven Booth testified against Ioane at his trial. On October 3, 2011, a jury found Ioane guilty of conspiracy to defraud the

United States and presenting fictitious obligations intended to defraud. Ioane has appealed, but the Ninth Circuit has affirmed the conviction. Ioane is in the process of seeking en banc review. Ioane was initially released from custody pending his appeal, but was remanded due to violating the terms of his release.

Presently, in Civ. Case No. 09-1689, the United States is suing the Booths, Ioane, Acacia, Mariposa, Alpha Enterprise, and California's Franchise Tax Board ("FTB") to foreclose on the Subject Properties and to have the transfers and deeds of trust to be set aside or avoided as fraudulent. The FTB may have state tax liens against the Booths that may burden the Subject Properties. The United States and the Booths have entered into an agreement ("Stipulated Judgment") as to the amount of tax liabilities due to the United States. Doc. 154.

The United States and the Ioane Group filed motions in limine. Docs. 164 and 165. The United States and the Ioane Group filed oppositions to the other party's motions in limine. Docs. 168 and 170. Only the United States filed a reply. Doc. 177. The United States also filed a request for a writ of habeas corpus ad testificandum to bring Ioane to court for the purpose of testifying in this trial. Doc. 174. The Ioane Group objects to the request. Docs. 175 and 176. A telephonic hearing was held on July 8, 2016 in which all parties participated.

## II. Legal Standard

Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). Fed. Rule Evid. 403 states generally that, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). The parties must abide by the court's rulings but may ask for reconsideration as trial progresses. "[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the

1  discretion of the district court. The district court may change its ruling at trial because testimony
2  may bring facts to the district court's attention that it did not anticipate at the time of its initial
3  ruling." United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999), citing Luce v. United
4  States, 469 U.S. 38, 41-42 (1984).

**III. Discussion**

**A. Ioane Group's Motions in Limine**

**1. Ioane Group's MIL 1**

The Ioane Group seeks to exclude United States exhibit 35 (a chart summarizing the Booths' property) from being admitted at trial. Fed. Rule Evid. 1006 states "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." Additionally, "requiring the proponent to show the admissibility of the underlying materials is necessary to protect the integrity of the Federal Rules." United States v. Johnson, 594 F.2d 1253, 1255 (9th Cir. 1979). The Ioane Group objects that the contents are not voluminous, they were never provided for examination, and that they are inadmissible (lack of foundation, relevance, and hearsay).

The United States asks that ruling be deferred until trial. The United States asserts that an identical exhibit was admitted as evidence in Ioane's criminal trial. Doc. 168, United States Opposition, 2:8. Neither side has provided the exhibit or the underlying documents so the court has no means of determining if they are sufficiently voluminous at this point. Regarding the Ioane Group's access, the United States responds that the documents were provided "during discovery and with the United States' Trial Exhibits on June 4, 2013, for their inspection and copying." Doc. 168, United States Opposition, 2:16-18. As for admissibility, the United States correctly points out that objections to foundation are more properly brought during trial. See United States v. Little, 2012 U.S. Dist. LEXIS 90812, *23 n.5 (N.D. Cal. June 28, 2012). The Ioane Group states

4

that "the chart and list of events is irrelevant since Booth gifted the real property subject of this litigation in 1995 and what the trust did with the property from that point forward is irrelevant to Booth and Booth's tax liability." Doc. 165, Ioane Group Brief, 3:9-12.  The United States alleges that the Booths' transfer of the Subject Properties in 1995 (and all subsequent transfers) were fraudulent conveyances. Doc. 169, United States Trial Brief, 13:23-26.  Thus, evidence pertaining to the circumstances surrounding the various transfers are relevant.  As to hearsay, without examining the precise documents at issue, the court can not make a determination at this time.

Ruling on this motion in limine is reserved.

**2. Ioane Group's MIL 2**

The Ioane Group seeks to exclude all testimony from Steven Booth, or in the alternative to limit his testimony.  At base, the Ioane Group asserts that Steven Booth will commit perjury on the stand. Doc. 165, 4:13-17.  They point out that Steven Booth signed a settlement agreement on September 19, 2007 (Case. No. 07-1129, Doc. 10) under penalty of perjury and now disavows the representations he made in that document. Doc. 165, Ioane Group Brief, 4:27-5:4.  It is evident that the Ioane Group believes Steven Booth's testimony will broadly contradict the testimony of their own witnesses.  However, this does not establish that the Ioane Group's version of events is true and Steven Booth's version of events is false.  The Ioane Group will have a full chance to cross examine Steven Booth on any testimony the United States elicits and to present evidence to impeach and/or rebut his testimony.  Determining the credibility of witnesses is the province of the fact finder. Terrell v. OTS, Inc., 470 Fed. Appx. 845, 846 (11th Cir. 2012) ("OTS and Lester also contend that the jury verdicts against them must be reversed because the district court erred in admitting testimony by several witnesses that OTS and Lester claim was perjured testimony. In support of this argument, OTS and Lester simply point to inconsistencies in the witnesses' testimony. However, OTS and Lester extensively cross-examined each of these witnesses at trial, and the jury was entitled to reach its own determination as to the truth of the witnesses' statements. We find no merit to this argument"). The Ioane Group cites to United States v. Geston, 299 F.3d 1130 (9th Cir. 2002) for the proposition that "allowing known false or perjured

testimony constitutes reversible error and an abuse of discretion." Doc. 165, Ioane Group Brief, 5:20-22. Geston is a criminal case which states that prosecutors have a duty not to allow perjured testimony. The rule does not apply to a civil case. By analogy, a court has a duty to disallow perjured testimony. But, as a trier of fact, the court can not make credibility determinations of witnesses, including perjured testimony, until trial testimony has actually been given.

In the alternative the Ioane Group states, "The court has already in case number 12-0171 issued an order that Dr. Booth had no standing to argue for the trusts, that the trusts have their own trustees to argue for themselves. Therefore, this court [] should not allow Dr. Booth to testify on any issue regarding the Bakersfield Trust that transferred the subject properties." Doc. 165, Ioane Group Brief, 5:25-6:2. As prior orders have made clear, the proper legal representatives of trusts are the trustees. If Steven Booth is not the trustee, he can not represent the trust. However, there is no grounds to limit his testimony as a percipient witness who participated in the transfers at issue.

The motion in limine is denied.

**3. Ioane Group's MIL 3**

The Ioane Group seeks to exclude documents obtained while United States agents executed a search warrant on Ioane's home. The Ioane Group asserts that the warrant lacked specificity and so was unconstitutionally overbroad. Doc. 165, Ioane Group Brief, 6:24-27. The United States responds that the warrant in question has already been ruled to be valid in Ioane's criminal case (Crim. Case No. 09-0142). Doc. 168, United States Opposition, 4:1-3. In a criminal prosecution, evidence uncovered due to an invalid warrant may be excluded. See e.g. United States v. Bridges, 344 F.3d 1010, 1019 (9th Cir. 2003). However, this is not Ioane's criminal case, but a civil proceeding. Even assuming arguendo the warrant was invalid, there is no basis for excluding evidence in a civil case. The U.S. Supreme Court has noted "we have repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials.... in United States v. Janis, we held that the exclusionary rule did not bar the introduction of unconstitutionally obtained evidence in a civil tax proceeding." Pa. Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 363 (1998),

citing United States v. Janis, 428 U.S. 433, 448 (1976).

The motion in limine is denied.

**4. Ioane Group's MIL 4**

The Ioane Group seeks to exclude any documents from Acacia Corporate Management Inc. as distinct from Acacia Corporate Management LLC which is a party to this case. They argue that "These records and documents are dated years before Acacia Corporate Management LLC was even formed and clearly are not related to this litigation and not related to Acacia Corporate Management LLC." Doc. 165, Ioane Group Brief, 8:6-8. The United States asserts that Acacia Corporate Management Inc., though not a party, is interrelated with the transfers of the Subject Properties that is at the heart of this case. They ask to be given the chance to authenticate and show the relevance of the documents at trial.

The motion in limine is reserved.

**5. Ioane Group's MIL 5**

The Ioane Group seeks to exclude documents that the United States asserts come from Ioane. Specifically, the Ioane Group argues that "these documents do not contain Mr. Ioane Sr., signature or the signature that it does contain is not Mr. Ioane's signature" and therefore lack authentication. Doc. 165, Ioane Group Brief, 8:23-24. The United States responds that they will authenticate the documents in accordance with Fed. Rule Evid. 901(b), which permits authentication through testimony of witness with knowledge, nonexpert familiarity of handwriting, or examination by the trier of fact.

The motion in limine is reserved.

**6. Ioane Group's MIL 6**

The Ioane Group seeks to prevent the United States from arguing that the Booths' tax liability (minus the amount already paid) is more than $653,314.71 (plus interest from February 28, 2013), the amount agreed to in the Stipulated Judgment (Doc. 154). The United States

declares "the United States does not intend to claim that the Booths owe more than the amount provided in the Stipulated Judgment." Doc. 168, United States Opposition, 7:8-9. The court relies upon the United States's assertion that the Stipulated Judgment sets out the amount owed (minus amount already paid) to find that there is no dispute between the parties on this issue. The FTB also clarified at the hearing on July 8, 2013 that the Stipulated Judgment does not include monies owed to the State of California. Again, the parties agreed to that fact.

The United States also asserts that the Ioane Group does not have the standing to challenge the amount of tax the Booths owe as the only remedy available is a wrongful levy suit against the United States under 26 U.S.C. § 7426. Doc. 168, United States Opposition, 7:10-15 and 7:26-28. Section 7426(a)(1) states, "If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States." In related Civ. Case No. 07-1129, the Ioane Group did file suit against the United States alleging "The United States had no power/right to lien against the Plaintiff's property because the government cannot collect the tax liability of Steven Booth and/or Louise Booth from a third party." Civ. Case No. 07-1129, Doc. 28, 9:15-17. Though Civ. Case No. 07-1129 is a distinct case that was not consolidated with the present case, the court is hopeful that this trial will resolve all legal issues between the parties. The court declines to analyze how Section 7426 may or may not limit the Ioane Group's ability to challenge the amount of the Booths' tax as the legal issue has not been briefed and the parties are in agreement. Should the Ioane Group seek to present evidence that the Booths' tax liability is less than the Stipulated Judgment amount, this issue may have to be revisited at a later time.

The motion in limine is granted.

**7. Ioane Group's MIL 7**

The Ioane Group seeks to prevent the United States from "argu[ing] that Acacia Corporate Management, LLC is owned by Michael Ioane, Sr., or that it is the Alter ego of Dr. Steven Booth,

based on the relationship of Dr. Booth and Michael Ioane, Sr., at all times relevant to this case Acacia Corporate Management, LLC was owned by parties other than Michael Ioane Sr., and managed by Attorney Steven F. Stucker, for the government to allege otherwise would be tantamount to knowingly making a false statement to the court and highly prejudicial." Doc. 165, Ioane Group Brief, 9:28-10:6.  As previously stated, the fact finder makes determinations of credibility (through evidence - witnesses and/or document) during the trial.  As to relevance, the United States is proceeding on the theory that Acacia was/is a nominee owner of the Subject Properties and so formal ownership of Acacia is not determinative in this case. Doc. 168, United States Opposition, 8:3-11.  Under that theory, evidence about control of Acacia is highly relevant.

        The Ioane Group also asserts the evidence is prejudicial as "the allegations against Michael Ioane, Sr., raise a conflict between Michael Ioane, Sr., and Acacia Corporate Management, LLC and this court should sever the case and allow separate counsel for Michael Ioane Sr.[.]  Acacia Corporate Management LLC was not indicted with Dr. Booth nor ever accused of any wrong doing, the government is attempting to paint a wide brush that includes Acacia Corporate Management LLC., that in itself creates a conflict with Michael Ioane Sr., and Acacia Corporate Management LLC." Doc. 165, Ioane Group Brief, 10:7-15.  "[T]he district court may sever the trial in order to avoid prejudice." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000), citing Fed. Rule Civ. Proc. 20(b).  "The party seeking separate trials bears the burden of proving that separation of the claims is necessary." Brighton Collectibles, Inc. v. RK Tex. Leather Mfg., 2013 U.S. Dist. LEXIS 82089, *9 (S.D. Cal. June 11, 2013).  The Ioane Group has not met that burden.

        Having co-defendants who have been criminally convicted may be sufficiently prejudicial to warrant severance of trial in certain circumstances. See Lukowski v. County of Seneca, 2009 U.S. Dist. LEXIS 14282, *52 (W.D.N.Y. Feb. 24, 2009) ("To link both Getman and Secor to the actions alleged against the rest of the defendants, some of whom have been indicted and/or convicted of crimes in relation to their unrelated activities, would be unfair and prejudicial before a jury"; in Section 1983 case, all defendants accused of separate acts of retaliation while some defendants were indicted for financial misconduct, theft of county property, and official

9

1  misconduct concerning retaliation against whistleblowers).  However, the facts in this case
2  recommend against severance.  The claims against Acacia and Ioane are completely intertwined.
3  Acacia and Ioane are co-owners of the Subject Properties the United States seeks to foreclose
4  upon.  As far as can be determined, Acacia's and Ioane's legal positions rise and fall together.
5  Joinder is proper when parties' positions are based on the same factual and legal question. Smith
6  v. County of Santa Clara, 2013 U.S. Dist. LEXIS 89224, *10-16 (N.D. Cal. June 25, 2013).
7  Severing a case in these circumstances can result in greater prejudice through the danger of
8  inconsistent verdicts, confusion, and increased costs. See Brighton Collectibles, Inc. v. RK Tex.
9  Leather Mfg., 2013 U.S. Dist. LEXIS 82089, *19-20 (S.D. Cal. June 11, 2013) ("any potential bad
10 acts by the Watch Defendants could, in the eyes of a jury, be held against the Handbag
11 Defendants.... any prejudice to Handbag Defendants by trying all of the claims in one trial will be
12 outweighed by the greater prejudice to the remaining parties if the case is severed").  As the court
13 noted in a prior order (Doc. 157), Acacia and Ioane have not even set out what adverse legal
14 positions they may have which would necessitate having separate counsel.
15     The motion in limine is denied.
16
17 **8. Ioane Group's MIL 8**
18     The Ioane Group seeks to "disallow the United States from questioning Michael Ioane, Sr.
19 regarding his criminal conviction or anything relate[d] to his criminal case on the grounds that it is
20 irrelevant to this case and more prejudicial [than] probative. Mr. Ioane, Sr., is currently appealing
21 his conviction." Doc. 165, Ioane Group Brief, 10:17-22.  Fed. Rule Evidence 609(a)(1) allows
22 evidence of a conviction to be used to attack a "witness's character for truthfulness....if the court
23 can readily determine that establishing the elements of the crime required proving - or the
24 witness's admitting - a dishonest act or false statement."  "A conviction that satisfies this rule is
25 admissible even if an appeal is pending. Evidence of the pendency is also admissible." Fed. Rule
26 Evid. 609(e).   Ioane was convicted of one count of conspiracy to defraud the United States under
27 18 U.S.C. § 371 and several counts of presenting a false or fictitious document purporting to be an
28 actual security or financial instrument of the United States and abets under 18 U.S.C. §§ 541 and

2. Crim. Case No. 09-0142, Doc. 138. "A conviction for fraud and conspiracy to commit fraud under 18 U.S.C. §§ 1341 and 371 is one involving 'dishonesty or false statement' within the meaning of Rule 609(a)(2)." United States v. Phillips, 488 F. Supp. 508, 512 (W.D. Mo. 1980). Additionally, the United States seeks to use Ioane criminal trial testimony as impeachment in accord with Fed. Rule Civ. Proc. 613(b). Doc. 168, United States Opposition, 9:9-10.

The Ioane Group also points out that Mr. Ioane may invoke his Fifth Amendment right to remain silent. Doc. 165, Ioane Group Brief, 10:20-27. That may be his right though the implications of his silence are not yet determined. See Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 911 (9th Cir. 2008) ("When a party asserts the privilege against self-incrimination in a civil case, the district court has discretion to draw an adverse inference from such assertion").

The motion in limine is denied.

**B. United States's Motions in Limine**

**1. United States's MIL 1a**

The United States seeks to exclude exhibits concerning the Agape Foundation as Agape is not in the chain of title and claims no interest in Subject Properties. Doc. 164, United States Brief, 2:7-8. The Ioane Group asserts that "those Exhibits refer to the Agape Foundation and will be used to show that Dr. Booth donated about $1 million, was not insolvent." Doc. 170, Ioane Group Opposition, 1:24-26. The United States is proceeding under the theory that the Booths fraudulently transferred the Subject Properties to keep assets out of the reach of the IRS. Doc. 169, United States Trial Brief, 8:22-9:28. Under California law, "Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred" is a factor to consider in determining if there was intent to defraud. Cal. Civ. Code § 3439.04(b)(9). Thus, evidence that the Booths made large charitable donations in the years after he transferred the Subject Properties is relevant. The United States argues that there is the danger of prejudice as Agape is a religious organization affiliated with conservative political groups. Doc. 164, United States Brief, 2:11-15. The court is not completely clear as to how this would be prejudicial. In any case, any prejudice would be minimal compared to the relevance of the evidence.

11

The motion in limine is denied.

**2. United States's MIL 1b**

First, the United States seeks to exclude relating to Booths' tax liability (Ioane Group exhibits 27, 28, 29, 61, and 64). The United States asserts that they "have no bearing on the question of ownership of the Subject Properties, which is the only issue remaining for trial ." Doc. 164, United States Brief, 3:2-3. The Ioane Group argues that the documents show the Booths' state of mind at the time they transferred the Subject Properties. Doc. 170, Ioane Group Opposition, 2:15-3:24. They also argue that the exhibits may be used for impeachment as their contents will likely contradict Steven Booth's testimony. Exhibits 27, 28, and 29 are letters dating from 2003 through 2008. The Ioane Group has not shown how they are relevant to the Booths' state of mind in the 1990s. Exhibit 64 contains documents connected to a state action against the Booths for worker's compensation fraud. It is not clear when this prosecution took place; it is not known when the documents were generated. Thus, there is no showing that the contents of the exhibit are relevant to show the Booths' state of mind at the time the Subject Properties were transferred. As the documents are part of a prosecution that did not result in a conviction, there are limits under Fed. Rule Evid. 404(b) as well. Further, the United States notes the exhibit "has yet to be produced to the United States." Doc. 177, United States Reply, 4:9-10. These exhibits should be excluded except for use as impeachment on non-collateral matters.

Exhibit 61 contains the Booths' tax returns from 1995-1997. In contrast to the others, this exhibit is relevant to show what the Booths represented with respect to ownership of the Subject Properties (especially as the Subject Properties generated rental income) at the relevant time. Exhibit 61 is not excluded.

Additionally, the United States seeks to exclude exhibits that encompass all documents involved in other cases involving Ioane, specifically his criminal case and his 42 U.S.C. § 1983 case alleging search based on a bad warrant (Ioane Group exhibits 36, 40, and 42). The United States argues they are irrelevant and overbroad as the exhibits refer to large categories of materials as opposed to individually named documents. Doc. 164, United States Brief, 3:10-4:8. "The Ioane

Group should not be allowed to simply designate all documents ever filed in separate civil and criminal cases as a single trial exhibit." Doc. 177, United States Reply, 4:22-23.  The Ioane Group asserts these exhibits will show the Booths' intent at the time of the transfers and that they may be used for proper impeachment purposes. Doc. 170, Ioane Group Opposition, 4:9-22.  A trial exhibit that includes irrelevant documents is overbroad. Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1161 (11th Cir. 2004).  Simply referencing all documents in another case's docket is an improper method of designating exhibits for trial.  Lumping all the documents together guarantees that the exhibit includes irrelevant materials.  These materials should be excluded except for use as impeachment on non-collateral matters.  The parties are reminded that "Impeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible." United States v. Gilbert, 57 F.3d 709, 711 (9th Cir. 1995), citations omitted.  As proffered (an agglomeration of all documents from other cases), the exhibits are excluded.  However, at trial, the parties may seek to introduce specific documents encompassed in the overbroad exhibits.  These new, proposed exhibits would be subject to all objections including relevance, prejudice, and failure to disclose.

The motion in limine is granted in part and denied in part.

**3. United States's MIL 2**

The United States seeks to eliminate fifteen exhibits (Ioane Group exhibits 7, 8, 9, 24, 30, 31, 32, 33, 34, 35, 44, 54, 59, 64, and 65) that "were responsive to the United States' Request for production of Documents Directed to Acacia Corporate Management, LLC but were produced after discovery" or "have not been produced in any form by the Ioane Group." Doc. 164, United States Brief, 4:11-13.  The Ioane Group responds that, "All of these Exhibits were produced within the time frame required by the Judge and listed on the May 16, 2013 pre-trial statement; hard copies were delivered by the cut off of June 4, 2013 as part of the pre-trial order." Doc. 170, Ioane Group Opposition, 5:10-13.  The Ioane Group's wording is ambiguous but the United States interprets that statement as "admit[ting] that it never provided many of the challenged documents until June 2013, long after discovery closed in this case." Doc. 177, United States Reply, 5:9-10.

1   At the hearing on July 8, 2013, the Ioane Group did not assert that the challenged exhibits were
2   produced during discovery.  The listing of exhibits in a pretrial statement pursuant to Local Rule
3   281 and providing copies to opposing counsel pursuant to a pretrial order does not excuse failure
4   to comply with discovery requirements.

5   Fed. Rule Civ. Proc. 37(c)(1) states, "If a party fails to provide information or identify a
6   witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness
7   to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially
8   justified or is harmless."  "Among the factors that may properly guide a district court in
9   determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice
10  or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure
11  the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved
12  in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705,
13  713 (9th Cir. 2010).  The burden of persuasion lies with the party that failed to comply with Rule
14  26. See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994) ("the burden of showing
15  substantial justification and special circumstances is on the party being sanctioned); Yeti by
16  Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) ("the burden is on the
17  party facing sanctions to prove harmlessness").  The party seeking Rule 37(c) sanctions is not
18  required to articulate how it is prejudiced by the lack of disclosure. Torres v. City of L.A., 548
19  F.3d 1197, 1213 (9th Cir. 2008).

20  With respect to substantial justification, the Ioane Group argues that "Ioane and Acacia
21  should be excused because Ioane was unexpectedly incarcerated and all records were only known
22  to, and the whereabouts, or alternative places to find them, by Ioane." Doc. 170, Ioane Group
23  Opposition, 5:14-17.  At the hearing on July 8, 2013, the court asked Ioane Group's counsel,
24  William McPike, to address the merits of this motion in limine.  McPike made no substantive
25  argument, instead stating that the volume of documents in this case was large and that as a solo
26  practitioner, he found it difficult to handle the load.  In his criminal case, Ioane was released from
27  custody pending his criminal appeal on April 2, 2012. Crim. Case No. 06-0142, Doc. 229.  Ioane
28  was remanded into custody October 16, 2012 for violating his release conditions. Crim. Case No.

06-0142, Doc. 249. Due to the criminal prosecution of Ioane, this case was stayed until December 6, 2011. Doc. 32. The initial scheduling conference was held on January 12, 2012. Doc. 36. Initial disclosures were due March 1, 2012 and the non-expert discovery deadline was September 3, 2012. Doc. 37. Ioane was out of custody and available in the relevant time period. While Ioane may have had only limited participation in making initial disclosures, he was out of custody during the vast majority of non-expert discovery. Further, the fact that counsel is a solo practitioner does not substantially justify failure to comply with Rule 26. See Harvey v. West Acquisitions & Inv. Group, Inc., 2008 U.S. Dist. LEXIS 6297, *9-11 (S.D. Fla. Jan. 29, 2008) (monetary sanctions under Rule 37(a)(5)(A) granted; fact that pro hac vice counsel was a solo practitioner with several other cases to deal with does not excuse missing several filing and discovery deadlines).

For harmlessness, the Ioane Group argues

> the government seized all these exact same record[s] in 2006[] during a search warrant raid. The government has all the documents, which they claim they did not have in their possession before any discovery cut-off date. Ioane and Acacia only were able to acquire these documents from third party sources and still do not have all of them. There are hundreds of documents taken by the US that establish Booth did not own the real property and that there was no fraudulent transfer, but [the] government will not produce them. The government is making a claim they do not have or did not get these documents. The government had them already. Documents were exchanged on June 10th at the latest. The government could have moved to compel but chose not to.

Doc. 170, Ioane Group Opposition, 5:15-24. The failure of the United States to make a motion to compel is limited evidence in favor of finding harmlessness. See Santos v. Farmers Ins. Exch., 2008 U.S. Dist. LEXIS 56630, *5 (E.D. Mich. July 24, 2008) ("while the fact that Farmers did not file a motion to compel does not excuse Plaintiffs' failure to make their required disclosures, the Court finds it supports Plaintiffs' contention that the failure was harmless"); but see Whetstone Candy Co. v. Nestle USA, Inc., 2003 U.S. Dist. LEXIS 27625, *8 (M.D. Fla. June 2, 2003) ("the sanctions available under Rule 37(c)(1) are self-executing, in that the opposing party is not required to first seek a motion to compel the information"). Overall, the Ioane Group makes a blanket assertion that these documents appear to be in the possession of the United States generally (presumably in the hands of the prosecutors in Ioane's criminal case). They do not

explore how each contested exhibit fits in context and how the United States is likely to have constructive knowledge of their part in this case.  The lack of disclosure may be harmless, but the Ioane Group has not given sufficient explanation for how that might be so.  The court declines to speculate as to what the United States knew about each exhibit before they were listed in the Ioane Group's pretrial statement.  The Ioane Group was specifically invited to discuss this motion in limine at the hearing on July 8, 2013, but did not provide any relevant argument.  The court can not determine if the United States would be prejudiced if these exhibits were admitted into evidence.  The Ioane Group has shown not shown the failure to disclose is harmless at this time.

The motion in limine is granted.

**4. United States's MIL 3**

The United States seeks to exclude sixteen witnesses[1] (Michael Mears, John Reedy, Ann Hamman, Roy Fritts, James Baker, Hocking Denton Palmquist, Jim Braun, Regina Clarke Beck, Diana Marquez, A. Bernal, Patt Fritts, Braulio Eleazar Rincon, IRS Agents Brian Hodges, IRS Agent Kent Spjute, IRS Agent Michele Casarez, and IRS Agent Fred Chynoweth) that were not disclosed pursuant to Fed. Rule Civ. Proc. 26(a)(1)(A)(i), initial witness disclosure. Doc. 164, United States Brief, 6:20-24.  Magistrate Judge Austin set the initial disclosure deadline on March 1, 2012. Doc. 37.  The United States asserts that no initial disclosures were ever made and that the Ioane Group's November 2012 witness list did not include these sixteen individuals. Doc. 164, United States Brief, 6:20-22; Doc. 177, United States Reply, 6:10-12.  The Ioane Group does not dispute that these individuals were not disclosed, instead stating the "United States was aware of all of the witnesses and suffers no prejudice by any of them testifying." Doc. 170, Ioane Group Opposition, 6:5-7.  The Ioane Group also confirms that the seventeen are all potential lay witnesses; none of them would offer expert testimony. Doc. 170, Ioane Group Opposition, 6:10-12.  There is no indication the sixteen individuals were named in a supplemental disclosure under Fed. Rule Civ. Proc. 26(e)(1).

---

[1] At the hearing on July 8, 2013, the United States withdrew their objection to a seventeenth witness, Teri Norgrove, as she was disclosed on the Ioane Group's November 2012 witness list.

Fed. Rule Civ. Proc. 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The analysis here is parallel to the United States's motion in limine number 2. The Ioane Group makes no substantial justification argument, only the suggestion that the failure was harmless. Again, the Ioane Group simply baldly asserts that the United States is not prejudiced. There is no explanation as to what the sixteen individuals will testify about. A party may show lack of surprise and harmlessness by explaining how the opposing side had full notice that of the existence of the witness and fully understood the important role he/she had in relation to the facts of the case. See All Star Seed v. Nationwide Agribusiness Ins. Co., 2013 U.S. Dist. LEXIS 64587, *28-30 (S.D. Cal. May 3, 2013) (undisclosed witnesses' names came up often in the course of discovery, emails to/from the undisclosed witnesses were produced, and the opposing party specifically asked about the undisclosed witnesses in depositions); see also Metro. Prop. & Cas. Ins. Co. v. Clayco Constr. Group, LLC, 2010 U.S. Dist. LEXIS 35066, *5-6 (S.D. Miss. Mar. 18, 2010) (in the context of expert testimony, "The issue, however, is not whether Met Life knew that Speed had an opinion, but whether Clayco properly disclosed that it planned to rely on this opinion at trial, allowing Met Life sufficient time to depose Speed to determine the extent of his investigation and the basis of his opinions"). The Ioane Group has not shown how the lack of disclosure is harmless. Even if the United States was aware of the sixteen individuals' names, the Ioane Group has not explained how the United States knew of their importance to this case. At this late stage, after discovery has closed, and in the weeks before trial, the United States lacks the ability to cure any prejudice. "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993), citations omitted. The Ioane Group has given no explanation for why they failed to comply with Rule 26. The Ioane Group has not shown the failure to disclose was harmless at this time.

The motion in limine is granted.

**C. Writ of Habeas Corpus ad Testificandum**

The United States has requested that Ioane be brought to court to testify in this trial. Ioane is in the process of appealing his criminal conviction. He claims that transport cuts him off from his legal materials and contact with his criminal defense attorney. The U.S. Marshal's Service has informed the court that it would take at least two to three weeks to prepare to transport Ioane for court testimony. As this is a bench trial, the court indicated at the hearing on July 8, 2013 that telephonic testimony would be acceptable. The United States consented to allowing Ioane to testify telephonically and agreed that their request for a writ of habeas corpus should be denied.

## IV. Order

The motions in limine are GRANTED, DENIED, and RESERVED in accordance with the foregoing analysis.

The United States's request for a writ of habeas corpus ad testificandum is DENIED.

IT IS SO ORDERED.

Dated: __July 11, 2013__                    _____
                                             SENIOR DISTRICT JUDGE