# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:09-CV-1689 AWI GSA** |
| **Plaintiff** | **ORDER RE: MOTION FOR RECONSIDERATION AND MOTION FOR JUDGMENT** |
| **v.** | |
| **VINCENT STEVEN BOOTH, LOUISE Q. BOOTH, MICHAEL SCOTT IOANE, ACACIA CORPORATE MANAGEMENT, LLC, MARIPOSA HOLDINGS, INC., AND ALPHA ENTGERPRISES, LLC,** | **(Docs. 221, 222, and 225)** |
| **Defendants** | |

A bench trial was held on this case; findings of fact and conclusions of law were issued which determined that Defendants Michael Ioane Sr., Acacia Corporate Management LLC, and Mariposa Holdings Inc. ("Ioane Group") have no legal interest in the properties at issue. Doc. 212. Plaintiff United States has asked for entry of judgment under Fed. Rule Civ. Proc. 58. Doc. 221. The Ioane Group has made a motion for relief from a judgment under Fed. Rule Civ. Proc. 60(b), subsections (1), (4), and (6). Doc. 222. The Ioane Group asks for a stay of execution of judgment. Doc. 225.

The Ioane Group seeks reconsideration based on the theory that "because a United States District Court has already determined who the true owner of the Subject Property is, this ruling cannot be overturned by another ruling in a district court without proper review of the original decision and ruling. In other words, the Court's findings in the present case are improper because res judicata and/or collateral estoppel prevents relitigation of the same cause of action in a second suit between same parties or parties in privity with them." Doc. 222, Ioane Group Brief, 3:6-11,

citations omitted. The Ioane Group refers to Eastern District of California Civil Case Number 07-1129 and a document filed in that case entitled "quiet title pursuant to binding stipulated settlement and agreement between the parties herein" ("Stipulated Settlement"). See Doc. 222, 4:23-28, Doc. 222-1. They are mistaken about the effects of Case 07-1129 and the Stipulated Settlement. The Stipulated Settlement was an agreement between Ioane, the Booths, and the various entities they controlled. Civ. Case 07-1129, Doc. 10. This court clarified in an order that the Stipulated Settlement had no legal effect:

> The Stipulated Settlement was not given full effect since the Ioane Group voluntarily dismissed the Booths from the case without obtaining a final judgment against them. Specifically, after the Stipulated Settlement, the Ioane Group filed a motion for judgment against the Booths pursuant to Fed. Rule Civ. Proc. 54(b) to resolve the case against those defendants while litigation continued with the United States. Doc. 37. The motion was denied: "[t]he settlement agreement purports to determine rights to the Propert[ies] as between [the Ioane Group and Booths.] However, ownership of the Properties is completely intertwined with the dispute between [the Ioane Group] and the United States." Doc. 64, 8:21-23. Following that denial, the Ioane Group unilaterally dismissed the Booths pursuant to the then applicable Fed. Rule Civ. Proc. 41(a)(1); pointedly, it was not by stipulation of the parties and made no reference to any settlement. Doc. 66. Under Fed. Rule Civ. Proc. 41(b), such a dismissal was without prejudice. The Booths are no longer defendants in this case; there was no final judgment against the Booths. Notwithstanding the fact that the court approved the Stipulated Settlement, it was not given effect in this case because the Ioane Group abandoned its claims against the Booths. In that sense, there is no binding order to be reconsidered. To clarify, the Stipulated Settlement is ineffective and certainly does not bind the United States in any way.

Doc. 148, July 17, 2012 Order, 3:22-4:11. Neither the Stipulated Settlement or any other action in Case 07-1129 has res judicata effect on this case.

The request for reconsideration is DENIED. The Ioane Group's motion for stay of execution of judgment is also DENIED. The United States' request for entry of judgment is GRANTED.

IT IS SO ORDERED.

Dated: July 9, 2015  _____
SENIOR DISTRICT JUDGE