UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>VINCENT STEVEN BOOTH, LOUISE Q. BOOTH, MICHAEL SCOTT IOANE, ACACIA CORPORATE MANAGEMENT, LLC, MARIPOSA HOLDINGS, INC., AND ALPHA ENTGERPRISES, LLC,<br><br>Defendants | CASE NO. 1:09-CV-1689 AWI GSA<br><br>ORDER RE: MOTIONS FOR STAY AND TO ENFORCE JUDGMENT<br><br>(Docs. 248, 250, and 253) |

A bench trial was held on this case; findings of fact and conclusions of law were issued which determined that Defendants Michael Ioane, Sr., Acacia Corporate Management LLC, and Mariposa Holdings Inc. ("Ioane Group") have no legal interest in 5717 Roundup Way, 1927 21st Street, and 5705 Muirfield Drive, all in Bakersfield, CA ("Subject Properties"). Doc. 212. The Subject Properties were collusively transferred by the Booths to the Defendants in a concerted effort to prevent the Plaintiff United States from selling them to satisfy certain tax liens. The United States sought entry of judgment under Fed. Rule Civ. Proc. 58. Doc. 221. The Ioane Group made a motion for relief from a judgment under Fed. Rule Civ. Proc. 60(b) and for a stay of execution of judgment. Docs. 222 and 225. The court granted the United States's request for entry of judgment and denied the Ioane Group's request for a stay. Doc. 242. The United States now makes a motion to enforce judgment by selling the Subject Properties. Doc. 250. The Ioane Group opposes the motion and seeks a stay of judgment. Docs. 248 and 253.

The propriety of a stay pending appeal depends on four factors "(1) whether the stay

applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The Ninth Circuit has weighed these factors using the same standard as that for granting a preliminary injunction. Golden Gate Rest. Ass'n v. City of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008).  The U.S. Supreme Court has subsequently clarified that standard: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, Inc., 129 S. Ct. 365, 374 (2008).

Regarding the merits, the Ioane Group makes a number of arguments which cover the substance of the bench trial that was held.  The evidence presented does not support their position.  However, the Ioane Group also makes a number of arguments that go beyond this case.  First, the Ioane Group persists in asserting that a settlement agreement between the Booths and the Ioane Group in Civ. Case No. 07-1129 definitively determined ownership of the Subject Properties and has res judicata effect. Doc. 253, 7:15-8:14.  This argument has been rejected numerous times as final judgment was never entered on the settlement and the Ioane Group voluntarily dismissed their claims against the Booths in that case. See, e.g. Doc. 242.  Additionally, the Ioane Group asserts that Michael Ioane, Sr. was wrongfully convicted in his criminal case: "the Government is merely holding the Subject Properties for the Booths' benefit in exchange for their perjured testimony.  The conspiracy to take the Subject Properties away from, the Ioane Group, or Acacia, based on the plea agreement between the Government and the Booths in the related criminal trial, makes them 'in pari delicto', and prevents this Court from declaring legal title held by Acacia as void." Doc. 259, 5:2-6.  This is a serious accusation for which the Ioane Group provides no convincing support and is more properly part of Michael Ioane, Sr.'s criminal appeal or habeas corpus petition.

The Ioane Group asserts that they would be irreparably harmed if the Subject Properties are sold as they have no right to redemption.  The "loss of an interest in real property constitutes

an irreparable injury." Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1159 (9th Cir. 2011).  While there would be monetary recompense if the Ioane Group were to prevail on appeal, the Subject Properties themselves would be lost.

The other interested parties are the Booths, United States, and the State of California.  The Booths require execution of the judgment in order to satisfy mounting federal and state tax liabilities.  The United States points out that the total assessed value of the Subject Properties is $1,077,000.00 while the tax amounts owed to the United States and the State of California add up to $1,005,695.64 with additional interest accruing. Doc. 254, 4:3-13.  With forced sale of the Subject Properties providing no guarantee that the full market value will be realized, the United States asks for a supercedeas bond.  The Ioane Group argues that the real property securing the judgment is sufficient and is unwilling to provide a bond to make up any shortfall. Doc. 259, 9:6-11:3.  This refusal leaves the other interested parties at risk as the amount owed grows with interest.

The Ioane Group points out that "The public interest lies with protecting due process." United States v. Moyer, 2008 U.S. Dist. LEXIS 63995, *35 (N.D. Cal. 2008).  The public interest aspect of this motion is limited.

On balance, while the Ioane Group is likely to suffer irreparable harm, there is a low likelihood of successful appeal and the balance of equities tips against them.  A stay is not warranted in this case.

Plaintiff's motion to enforce judgment is GRANTED.  Defendants' motions for stay are DENIED.

IT IS SO ORDERED.

Dated:   March 29, 2016                              _____
                                                     SENIOR DISTRICT JUDGE