IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT STEVEN BOOTH; LOUISE Q. BOOTH; MICHAEL SCOTT IOANE; ACACIA CORPORATE MANAGEMENT, LLC; STATE OF CALIFORNIA FRANCHISE TAX BOARD; MARIPOSA HOLDINGS, INC.; and ALPHA ENTERPRISES, LLC,<br><br>    Defendants. | Civil No.  1:09-cv-1689-AWI-GSA<br><br>**ORDER APPOINTING RECEIVER**<br><br><br>(Doc. 281) |

The United States has filed a Motion for Appointment of Receiver to sell the Property identified below, nominating John Busby to take custody and arrange for the sale of the Property. Doc. 281.  Defendants Vincent Steven Booth, Louis Booth, and the State of California Franchise Tax Board have filed notices of non-opposition to the motion. Docs. 282 and 283.  The other Defendants in this case have not filed any response to the motion, and the deadline for the filing of opposition has passed.

13809358.1

Therefore, is it **ORDERED** that the United States' Motion for Appointment of Receiver is GRANTED, and John Busby is APPOINTED, pursuant to 26 U.S.C. § 7402(a) and § 7403(d), to act as the receiver to enforce the tax liens at issue in this case according to the terms set out below.

**I. Property Subject to Receivership**

John Busby (hereafter, "the Receiver") is directed to take custody and arrange the sale, subject to approval by this Court, of the following parcel of real property:

**5717 Roundup Way**

The real property is located at 5717 Roundup Way, Bakersfield, California 93306 (ATN 38614008008) (herein referred to as "the Property") in the County of Kern, State of California, and is more particularly described as follows:

> LOT 29 OF TRACT NO.3817, IN THE CITY OF BAKERSFIELD, COUNTY OF KERN, STATE OF CALIFORNIA, AS PER MAP RECORDED OCTOBER 15, 1976 IN BOOK 26, PAGES 151 TO 153 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. . . [1]

The Receiver is directed to arrange for the sale of the Property free and clear of any rights, titles, claims, or interests of any of the parties to this action.

**II. The Receivership**

The Receiver's sale of the Property shall occur according to the following terms:

1. The Receiver shall have the authority to, and is directed to, arrange for the sale of the Property subject to confirmation by this Court after notice to the defendants. The initial listing price shall be set by the United States in consultation with the Receiver. Notice of the initial listing price shall be provided to all defendants. If any defendant objects to the initial listing price, they may seek review by motion to the Court. If lack of

---

[1] Lengthy legal descriptions are set forth in full in Appendix A, attached to the complaint filed in this action.

buyer interest or buyer feedback indicates that the listing price is too high, the United States, in consultation with the Receiver, may lower the listing price, with notice to all parties (and, again, if any defendant objects to the new listing price, they may seek review by motion to the Court). The United States, in consultation with the Receiver, shall have the exclusive authority to decide what counter-offers, if any, to make in response to an offer. The United States shall have the exclusive authority to decide whether to accept an offer or counter-offer for the property, with final acceptance subject to Court confirmation. The terms of any purchase agreement shall include the balance of the purchase price paid in cash or certified check at closing, and shall include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform. Any forfeited earnest money proceeds shall be distributed first to the Receiver to the extent of expenses incurred by the Receiver in accordance with paragraph 2 of this order, with the remainder to be distributed to the United States for application to V. Steven Booth and Louise Booth's tax liabilities, except to the extent the United States, in its exclusive discretion, agrees that such monies may be used for maintenance, repairs, and/or improvements. A purchase agreement may include other customary and reasonable terms in the discretion of the United States, in consultation with the Receiver. The closing shall not occur until after the sale has been confirmed by further order of this Court. At closing, the purchaser or purchasers shall receive a quitclaim deed to the Property purchased, executed by the Receiver, that shall be free and clear of the interests or other claims of all parties to this action with the same to attach to the proceeds in the same order of priority as they have against the property.

    2.    The Receiver shall have all of the rights and powers necessary to fulfill its obligations under this Order, specifically including, but not necessarily limited to, the

13809358.1

power to enter the Property, to inspect the Property, to advertise the sale of the Property, to show the Property to prospective buyers, to take any action reasonably necessary to protect and preserve the value of the Property prior to sale, and to put the Property into salable condition, including making expenditure of funds that are first approved by the United States for reasonable and necessary repairs, maintenance, and minor improvements, including, but not limited to, the purchase of property and liability insurance.

      3.      The Receiver shall be compensated from the proceeds of the sale of the Property (a) in amount equal to six percent (6%) of the gross sale proceeds (from which the Receiver must pay any buyer broker commission), and (b) for the Receiver's reasonable and necessary expenditures under paragraph 2 above (i.e., for maintenance, minor improvements, and/or insurance) that were first approved by the United States. The receiver shall receive payment of the above-described compensation from a distribution from the proceeds of a sale approved by the Court at closing, as a direct cost of sale, and before any net sale proceeds are used to pay the claims of the parties to this action.

      4.      After payment of real property taxes and Receiver compensation and reimbursement, net proceeds of the sale shall be deposited with the Court unless directed otherwise in a sale confirmation order. After the closing of a sale of the Property, and after the appeal from the judgment of foreclosure in this case is final, the United States shall file a request for an order of distribution of the net sale proceeds and determination of order of priority, which shall propose which person and/or entities shall receive payment from the net proceeds and the amount each person and/or entity shall receive.

13809358.1

**5.** The receivership shall be terminated if the United States does not agree to accept an offer which is received by the Receiver within 180 days after the date this order is entered. The Receiver shall retain a claim against the Property for costs of sale for any approved reasonable and necessary expenditures incurred, which claim shall be paid first from the eventual sale to enforce the judgment in this case, but Receiver shall earn no compensation if there is no sale to a buyer obtained by the Receiver.

IT IS SO ORDERED.

Dated:   July 8, 2016                              _____
                                                                    SENIOR DISTRICT JUDGE

13809358.1