IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT STEVEN BOOTH; LOUISE Q. BOOTH; MICHAEL SCOTT IOANE; ACACIA CORPORATE MANAGEMENT, LLC; STATE OF CALIFORNIA FRANCHISE TAX BOARD; MARIPOSA HOLDINGS, INC.; and ALPHA ENTERPRISES, LLC,<br><br>    Defendants. | Civil No. 1:09-cv-1689-AWI-GSA<br><br>**SECOND AMENDED ORDER FOR JUDICIAL SALE** |

The United States submits this second amended order of judicial sale. The changes pertain to accommodations made in the reply filed by the United States and the date that the possessory rights of the Booths will terminate, 21 days after the date of sale.

The United States filed a motion seeking an Order of Judicial Sale to enforce the tax judgment lien against certain real property, described below. The United States having satisfied the conditions for foreclosing its tax liens pursuant to 26 U.S.C. § 7403, the Court enters this Order of Sale.

Now, therefore, it is **HEREBY ORDERED** that the United States' Motion for Entry of an Order of Sale is **GRANTED**, and the real property described below shall be sold pursuant to the Court's Judgment, 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001 and 2002, and according to the terms set out below.

1

I. **Identification of Property**

**5717 Roundup Way**

(1) The first parcel of real property that is the subject of this action is located at 5717 Roundup Way, Bakersfield, California 93306 (ATN 38614008008) (herein referred to as "5717 Roundup Way") in the County of Kern, State of California, and is more particularly described as follows:

> LOT 29 OF TRACT NO.3817, IN THE CITY OF BAKERSFIELD, COUNTY OF KERN, STATE OF CALIFORNIA, AS PER MAP RECORDED OCTOBER 15, 1976 IN BOOK 26, PAGES 151 TO 153 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. . .[1]

**1927 21st Street**

(2) The second parcel of real property that is the subject of this action is located at 1927 21st Street, Bakersfield, California 93301 (ATN 00324105003) (herein referred to as "1927 21st Street"), in the County of Kern, State of California, and is more particularly described as follows:

> LOTS II AND 12 IN BLOCK 201 OF THE CITY OF BAKERSFIELD, COUNTY OF KERN, STATE OF CALIFORNIA, AS PER MAP THEREOF RECORDED NOVEMBER 25,1898 IN BOOK 1, PAGES 13 AND 14 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
>
> SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.

**5705 Muirfield Drive**

(3) The third parcel of real property that is the subject of this action is located at

---

[1] Lengthy legal descriptions are set forth in full in Appendix A, attached to the complaint filed in this action.

5705 Muirfield Drive, Bakersfield, California 93306 (ATN 38718006001)

(herein referred to as "5705 Muirfield Drive"), in the County of Kern, State of

California, and is more particularly described as follows:

> THE LAND AND REAL PROPERTY IN THE CITY OF
> BAKERSFIELD, COUNTY OF KERN, CALIFORNIA STATE,
> DESCRIBED AS:
>
> PARCEL I:
>
> LOT 4 OF TRACT 4578, UNIT A, AS PER MAP THEREOF
> RECORDED APRIL II, 1984 IN BOOK 33, PAGES 66 AND
> 67 OF MAPS, IN THE OFFICE OF THE COUNTY
> RECORDER OF SAID COUNTY . . . [2]

(collectively, the "Property").

## II. Authorization of Sale and Terms and Conditions of Sale

(4) Pursuant to 28 U.S.C. §§ 2001 and 2002, the Court authorizes and directs the United States Marshal for the Eastern District of California, or his or her representative or Deputy (collectively, "Marshal"), or an officer of the Internal Revenue Service Property Appraisal and Liquidation Specialists ("IRS PALS"), to offer the Property for public sale and to sell the Property. The United States may choose either the Marshal or an IRS PALS to carry out the sale and to make the arrangements for any sale as set forth in this Order. References to "the Marshal or the IRS PALS" below shall be read to refer to whichever is conducting the sale.

(5) The terms and conditions of the sale are as follows:

    a. The sale of the Property shall be free and clear of the interests of plaintiff, the United States; defendants Vincent Steven Booth, Louise Q. Booth

---

[2] Lengthy legal descriptions are set forth in full in Appendix A, attached to the complaint filed in this action.

-3-

16339497.1

(collectively, "the Booths"), Michael S. Ioane, Acacia Corporate Management, LLC, Mariposa Holdings, Inc., Alpha Omega Trust, Aligned Enterprises Trust, Bakersfield Properties and Trust Company, and Southern Financial Trust.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any. No warranty of any kind is made regarding operation of the Property as commercial real estate.

c. The sale shall be held at the courthouse of the county or city in which the Property is located; on the premises of the Property; or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002. The place of the sale shall be determined in the discretion of the Marshal or the IRS PALS.

d. The date and time for the sale are to be announced by the Marshal or the IRS PALS.

e. The Marshal or the IRS PALS may, in their discretion, hold one or more open houses at the Property for viewing by potential bidders. Defendants shall not interfere in any way with an open house.

f. One or more notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Kern County, California. Furthermore, at the discretion of the Marshal or the IRS PALS, the sale may be advertised by any other means deemed appropriate, expressly including

16339497.1

placement of a listing with a broker, provided that the fee for the advertisement is a flat sum and not a commission on the sale price. Each notice of the sale shall contain a description of the Property and shall also contain the terms and conditions of sale in this order of sale.

g. The Marshal or the IRS PALS shall set a minimum bid price for the Property. If the minimum bid price is not met or exceeded, the Marshal or the IRS PALS may, without further permission of this Court, and under the terms and conditions in this Order, hold a new public sale, if necessary, and reduce the minimum bid or sell the Property to the highest bidder at the sale where the minimum bid was not met.

h. The successful bidder shall be required to deposit with the Marshal or the IRS PALS, at the time of the sale, a minimum of ten percent (10%) of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal or the IRS PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof of ability to make the deposit required by this order of sale.

i. The successful bidder shall pay the balance of the purchase price to the Marshal or the IRS PALS within 21 days after the date the bid is accepted. Payment shall be made by a certified or cashier's check payable to the "U.S. District Court for the Eastern District of California." If the bidder fails to pay the balance of the purchase price within the required time, the deposit shall be forfeited, and the funds so forfeited shall be paid to the

United States for application to the tax liabilities of V. Steven Booth and Louise Booth. In event of such a forfeit, the property or properties for which the deposit was forfeited may be again offered for sale under the terms and conditions of this Order, or the Marshal or the IRS PALS may sell the property to the second-highest bidder, requiring payment of the purchase price within 21 days of notifying the second-highest bidder.

    j. The United States may bid as a credit against its judgment without tender of cash.

    k. The sale of the Property shall be subject to confirmation by this Court. The United States or the Marshal or the IRS PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within 21 days from the date of receipt of the balance of the purchase price.

    l. On confirmation of the sale, the Marshal or the IRS PALS shall execute and deliver a deed of judicial sale conveying the property to the purchaser.

    m. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

    n. On confirmation of the sale, the County Recorder for Kern County shall cause transfer of the Property to be reflected upon the appropriate register of title.

    o. The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

(6) From the date 21 days from the date of sale until the sale is confirmed, the Marshal or the IRS PALS is authorized to have free access to the Property

16339497.1

and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

(7) The Marshal or the IRS PALS may, in his or her discretion, make payments for utilities, repairs, and the like that are reasonably necessary to maintain or preserve the Property until the Property is sold. Such payments may be reimbursed as a cost of sale.

**III. Effect of Order on the Booths' Occupation of the Property**

(8) This Order shall constitute a special writ of execution with respect to Vincent Steven Booth and Louise Q. Booth and no further order or process from the Court shall be required.

(9) This Order of Sale terminates any right of possession to the Property held by defendants Vincent Steven Booth and Louise Q. Booth. The termination of their possessory rights shall take effect on the date 21 days after the date of sale (the date that a bid is accepted at auction). Vincent Steven Booth and Louise Q. Booth are hereby ordered to vacate the Property no later than the date 21 days after the date of sale. They shall take with them their personal property, but leave in place all improvements, buildings, fixtures, and appurtenances to the Property.

(10) If Vincent Steven Booth and Louise Q. Booth continue to occupy the Property after the date 21 days after the date of sale, they shall be considered to be trespassers. In that event, the Marshal is authorized to take any action he or she deems appropriate to remove and evict the Booths.

(11) If Vincent Steven Booth or Louise Q. Booth fails to remove any personal

property from the Property within 21 days of the date of sale, this paragraph shall apply.

    a. The Booths may request permission from the Marshal or the PALS to return to the Property for the sole purpose of removing the occupant's personal property. This permission will not be unreasonably withheld.

    b. The Booths shall not return to the Property without being accompanied by the Marshal or the PALS unless the Marshal or the PALS specifically gives permission for them to return unaccompanied.

    c. If any of the Booths' personal property, not including improvements, buildings, fixtures, and appurtenances, remains on the Property after 21 days have elapsed from the date of sale, the personal property shall be deemed abandoned because it has remained on land to which the Booths have no possessory right for 21 days without being removed. The Marshal or the PALS may dispose of any such abandoned property by any means they each may deem appropriate, including destruction, charitable donation, or sale.

    d. If any abandoned personal property is sold, the proceeds of the sale shall be applied first to the costs of the sale. Any remaining balance shall be paid into the registry of the Court for further distribution.

    e. If any abandoned personal property is left upon the Property at the time the sale is confirmed, ownership of that personal property shall also pass to the buyer of the Property.

    f. If the Marshal believes that any item of personal property on the Property is potentially dangerous (for instance, firearms, other weapons, or

16339497.1

incendiaries), the Marshal may, in his or her discretion, secure the item rather than leaving it on the Property. The item may be secured in any reasonable manner, expressly including removing the item to the Marshal's office or other facility. Any such item shall be returned to the owner if: (1) the owner makes a proof of ownership satisfactory to the Marshal; (2) the owner pays any reasonable costs of securing the item the Marshal may have incurred; and (3) the item can be returned to the owner in a manner that is safe and legal under the circumstances. If no person claims ownership of an item secured by the Marshal within 30 days, the Marshal may dispose of the item in any manner he or she sees fit.

    g. If the personal property includes live animals, the Marshal or the IRS PALS shall take humane steps as may be reasonable for the animals to be removed from the Property. Any additional costs incurred in removing the animals shall be reimbursable as a cost of sale.

(12) Until the sale of the Property is confirmed, Vincent Steven Booth and Louise Q. Booth shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property, and ensuring that ad valorem taxes on the Property are paid in a timely fashion. Vincent Steven Booth and Louise Q. Booth shall neither commit waste against the Property nor cause or permit anyone else to do so. Vincent Steven Booth and Louise Q. Booth shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Vincent Steven Booth and

Louise Q. Booth shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

(13) If Vincent Steven Booth or Louise Q. Booth receive any rent payment from a Tenant (as "Tenant" is defined below), they shall deposit an amount equal to the rent payment into the Registry of this Court.

**IV. Effect of Order on Occupation by Tenants**

(14) Paragraphs (15) and (16) below apply to any person who has rented the Property and who occupies the Property as of the date this Order is signed. These persons are referred to as "Tenants" below.

(15) The Tenant must vacate the Property no later than the date the sale is confirmed by the Court, unless the Tenant obtains a written lease agreement with the purchaser.

(16) Until sale confirmation, the Tenant may continue to occupy the Property he or she has rented, but only if he or she complies with the following conditions:

   a. The Tenant must truthfully answer the Marshal, an officer of the Internal Revenue Service, or an officer of the U.S. Department of Justice if the Tenant is asked how much rent the Tenant pays, how long the rental period is (for example, weekly or monthly), and when the rent is due.

   b. Instead of paying rent to any other person, the Tenant must pay the rent as follows. The Tenant must mail a check or money order payable to "U.S. District Court for the Eastern District of CA" to the following address: "G.

-10-

Patrick Jennings, U.S. Department of Justice, P.O. Box 683, Washington D.C." For the convenience of the Court and the IRS, the Tenant should write the street address of the rented property on the check.

    c. The Tenant must continue to pay the same amount in rent and on the same date as the Tenant would have paid previously. For example, if the Tenant would have paid the landlord $400 on the first day of the month, the Tenant must pay the United States Department of Justice $400 on the first day of the month. The rent payment will be considered timely if it is mailed by the day it is due.

    d. The Tenant must cooperate with the Marshal or the IRS PALS in connection with the sale of the Property.

    e. The Tenant must not commit waste against the Property, nor cause or permit anyone else to do so. The Tenant must not do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The Tenant must not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor cause or permit anyone else to do so.

(17) If a Tenant continues to occupy the Property but fails to comply with one or more of the terms set out in paragraph (16), the United States may file a motion in this Court requesting the removal or ejectment of the Tenant.

(18) Within 7 days of the date that this Order is signed, the Marshal or the IRS

PALS or, in the discretion of the United States, another person hired for the task, shall serve a copy of this Order upon each person, other than the Booths, who appears to occupy the Property. Each served copy of this Order shall be accompanied by a cover sheet that states, in prominent type: "To the Occupant: please take notice that paragraphs (15) and (16) of this Order may apply to you. They may affect your rights." Service shall be accomplished by delivering the cover sheet and the copy of this Order to a person of suitable age and discretion who is at the apparently occupied space on the Property. In the alternative, if no such person is available when a delivery attempt is made, the cover sheet and the Order may be affixed to a front door; placed in a mail slot; or pushed under a front door, as the person making service judges most likely to give notice to the person occupying the Property.

(19) The person who makes the service of this Order as described in the previous paragraph is authorized to have access to the Property as necessary to carry out the service. The Booths shall not attempt to stop as a trespasser the person serving copies of the Order; remove or deface any posted copy of the Order; or take any other action that tends to interfere with the service of this Order.

(20) After the date that this Order is signed, V. Steven Booth and Louise Q. Booth shall not permit any person who is not already a Tenant to occupy the Property.

**V.  Distribution of Proceeds**

(21) After confirmation of the sale as provided for herein, the Clerk of Court shall distribute the proceeds of the sale as follows, as far as the proceeds permit:

16339497.1

**FIRST**, to the Marshal or the PALS officer (whichever shall have conducted the sale as arranged by the United States) for the costs of the sale.

**SECOND**, to Kern County in full payment of any unpaid local ad valorem taxes on the Property. The amounts for each address shall be determined at the time that the sale is confirmed. The payments to Kern County shall be made payable to "KCTTC" and mailed to the Kern County Tax Collector, 1115 Truxton Avenue, 2nd Floor, Bakersfield, CA 93301, noting the respective Assessors Tax Number on each payment. Any local ad valorem taxes which are not paid in full from the proceeds of the sale shall remain as a lien against the Property in the same priority as before the foreclosure sale:

**THIRD**, to the United States, to apply to the tax judgment against V. Steven Booth and Louise Q. Booth in the amount of $653,314.71 for individual federal income taxes for the taxable periods ending December 31, 1995, 1996, and 1997, plus interest from February 28, 2013, according to 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601, 6621(a)(2). The payment to the United States shall be made payable to the "U.S. Department of Justice" and shall be mailed to U.S. Department of Justice, Tax Division, Tax FLU, Office of Review, P.O. Box 310, Ben Franklin Station, Washington, D.C. 20044-0310, and the phrase "CMN 2009103382" shall be written on the memo line of the check.

**FOURTH**, to the California Franchise Tax Board, to apply to California income tax liens against V. Steven Booth and Louise Q. Booth in the amount of $153,573.50 plus interest from May 7, 2013. The payment to the Franchise Tax Board shall be made payable to the "Franchise Tax Board" and mailed to the California Attorney General, P.O. Box 944255, Sacramento, CA 94244-2550.

16339497.1

If any funds remain following the payments set forth in this paragraph, the funds shall be held by the Clerk of Court until further Order of this Court.

IT IS SO ORDERED.

Dated: April 20, 2018

_____
SENIOR DISTRICT JUDGE