# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>VINCENT STEVEN BOOTH, LOUISE Q. BOOTH, MICHAEL SCOTT IOANE, ACACIA CORPORATE MANAGEMENT, LLC, MARIPOSA HOLDINGS, INC., AND ALPHA ENTGERPRISES, LLC,<br><br>    Defendants | CASE NO. 1:09-CV-1689 AWI GSA<br><br>ORDER RE: REQUEST FOR JUDICIAL NOTICE |

Defendant Michael Ioane has filed a request for judicial notice pursuant to "Federal Rules of Evidence 201 of the following: communication with the U.S. Department of Justice, tender of and acceptance of tender (Commercial Paper), related to the purchase of the real property subject to Judicial Sale, Case No. 09-cv-1689." Doc. 301. Under Federal Rule of Evidence 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This most often means "undisputed matters of public record." Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

For his first request to judicially notice the fact of his communication with US DOJ, Michael Ioane provides two cover letters he wrote that were addressed to the U.S. District Court and to US DOJ. There is no envelope provided. One of the letters is stamped with a block that

indicates receipt by the Clerk's Office of the Eastern District of California District Court. Michael Ioane's request must be denied. The fact that Michael Ioane has communicated with the US DOJ is not a fact generally known within this jurisdiction. Further, records of mail delivery are not a source whose accuracy cannot reasonably be questioned. Judicial notice of receipt of mail is not ordinarily granted. See Caruso v. Golden Rule Ins. Co., 2013 U.S. Dist. LEXIS 147377, *10 (S.D. Fla. Oct. 11, 2013) ("While the Court can take judicial notice of the postal service regulations themselves, these regulations do not establish that the premium payment at issue in this case was received"); cf. Cotton v. City of Cincinnati, 495 F. App'x 707, 709 (6th Cir. 2012) (delivery or non-delivery of certified mail might be judicially noticed); Lan Fang Cui v. Nat'l Default Servicing Corp., 2015 U.S. Dist. LEXIS 143069, *6 (D. Nev. Oct. 21, 2015) ("courts within this circuit have taken judicial notice of affidavits of mailing when these affidavits were matters of public record").

Michael Ioane's second request is for judicial notice of the fact that there was tender and acceptance of commercial paper between himself and the US DOJ. To support his request, he provides a copy of a proposed order filed by US DOJ in this case. The proposed order (which was later approved) permits US DOJ to sell real property owned by Vincent and Louise Booth to satisfy the judgment granted in favor of the United States. Michael Ioane provides a copy of the proposed order which he himself has signed in acknowledgement. Michael Ioane does not explain how any of this material constitutes tender or acceptance of tender of commercial paper. Further, he has not explained how any such fact would be generally known or accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Michael Ioane's request for judicial notice is DENIED.

IT IS SO ORDERED.

Dated: June 18, 2018

_____
SENIOR DISTRICT JUDGE